## STALEY *v.* JAMESON ET AL.

STATUTE OF LIMITATIONS.—*Contract.*—*Personal Injury.*—A complaint charging that the defendants, in consideration of a certain sum paid them, as surgeons, undertook to attend to, care for, and heal a broken arm of the plaintiff, and that they so negligently and unskilfully conducted themselves that the arm was rendered worthless, etc., is a complaint upon the contract, and the action is not barred by the statutory limitation of two years for injury to the person, but the statutory limitation of six years is applicable.

From the Marion Superior Court.

*D. V. Burns,* for appellant.

*A. G. Porter, B. Harrison,* and *C. C. Hines,* for appellees.

OSBORN, J.—The appellant sued the appellees, and in his complaint alleged that they were partners, engaged in the practice of physic and surgery, in the city of Indianapolis; that he employed them to set and heal his arm, which was broken, and "for that purpose they undertook as surgeons, for the sum of one hundred dollars paid them by the plaintiff, to attend and care for him; that they so negligently and unskilfully conducted themselves in setting and attempting to heal and cure said arm as to impair and destroy the efficiency of and render the same almost worthless to plaintiff;" that by reason of such unskilfulness and negligence, the plaintiff was made sick and disabled from attending to his business, and put to great expense, etc., to his damage in the sum of ten thousand dollars.

.The appellees filed an answer of two paragraphs:

1. The general denial.

2. That the cause of action in the complaint described did not accrue within two years next before the commencement of this action.

A demurrer was filed to the second paragraph of the answer, which was overruled, and an exception taken. The appellant refused to reply, but elected to stand by his demurrer, and final judgment was rendered against him, and for costs.

The error assigned in general term of the superior court was in overruling the demurrer to the second paragraph of the answer, where the judgment of the special term was affirmed. The error assigned in this court is the error of the court below in general term in affirming the judgment of the special term.

The only question presented for our consideration is, whether the statutory limitation of two years applies to the cause of action in this case.

The statute, 2 G. & H. 156, sec. 210, enacts, that actions on account and contracts not in writing shall be commenced within six years after the cause of action has accrued, and not afterward; by sec. 211, p. 158, that actions for injuries to person or character, etc., shall be brought within two years after the cause of action has accrued, and not afterward; and by sec. 212, p. 160, that all actions not limited by any other statute shall be brought within fifteen years.

The appellees insist that the action is for a personal injury to the appellant, resulting from the alleged unskilfulness and negligence of the appellees. The opinion of the court below in general term is copied into the transcript. From that we learn that its ruling was based upon the theory that the *gravamen* of the action was the personal injuries resulting to the appellant from the omission of the appellees to exercise the care and use the skill in the discharge of their undertaking to care for his broken arm, which the law required of them upon the facts of the case, and not on a contract to

properly treat the arm as surgeons; and that the employ-ment for reward was set out in the complaint as matter of inducement only.

Prior to the adoption of the code and the abolition of the distinction between the forms of actions, it frequently became material to decide whether under the averments in a decla-ration the action sounded in contract or tort.

*Dale* v. *Hall*, 1 Wilson, 281, was an action against a shipmaster, or keelman, who carried goods for hire, and in the declaration it was averred that the defendant, at the spe-cial instance and request of the plaintiff, undertook to carry certain goods from one port to another, and that in consid-eration thereof the plaintiff undertook and promised to pay him therefor; that the goods were received by the defend-ant on his keel, but that they were so negligently kept by him that they were spoiled, to plaintiff's damage. The gen-eral issue *non assumpsit* was pleaded.

It was insisted that, the declaration not being upon the custom of the realm, but upon a particular contract, and the breach being, that by the negligence of the defendant the goods were lost, the gist of the action was the negli-gence. LEE, C. J., said: "This is a nice distinction. * * The declaration is, that the defendant undertook for hire to carry and deliver the goods safe, and the breach assigned is that they were damaged by negligence; this is no more than what the law says, everything is negligence in a carrier or hoyman that the law does not excuse, * * and a prom-ise to carry safely, is a promise to keep safely." DENISON, J., said, that the law is very clear for the plaintiff; that the promise to carry safely need not be proved, the law raises it, and the breach was very right, that he did not deliver them safely, but so negligently kept them that they were spoiled.

*Bretherton* v. *Wood*, 3 Brod. & B. 54, was predicated upon the duty, and not the contract of the defendants. It was averred in both counts of the declaration that the defend-

ants were the proprietors of a stage-coach, etc., and as such received the plaintiff as an outside passenger, to be safely carried, etc., and that by the carelessness and unskilfulness of the defendants and their servants the coach was overset and overturned, and the plaintiff thereby greatly injured, etc. A plea of not guilty was filed. Two of the defendants were proved not guilty, and the rest guilty. On error it was held, that judgment was properly rendered on the verdict; that the action was in tort for the breach of duty imposed by law, and not upon contract. Dallas, C. J., says: " If it were true, that the present action is founded on a contract, so that, to support it, a contract between the parties to it must have been proved, the objection would deserve consideration. But we are of opinion, that this action is not so founded, and that, on the trial, it could not have been necessary to show that there was any contract, and therefore that the objection fails. * * Nor is it material, whether redress might or might not have been had in an action of *assumpsit*."

After distinguishing the case from several others, where it had been held that the action was joint, and showing that those cases were founded on contract, and stating that if the cases became opposed to each other, " it must remain to be decided hereafter which of them is right," he concludes : " At present, it is sufficient to say, that this action is founded on a misfeasance, and that the declaration is framed accordingly ; and therefore, that the verdict and judgment given against some of the defendants is not erroneous, and ought to be affirmed."

It will be observed, that there was no averment in the declaration of any contract to carry the plaintiff by the defendants. The averment was, that being the proprietors of a stage-coach, they received the plaintiff as an outside passen-ger, to be safely carried, etc. Having received him as a passenger, they were bound to exercise proper care and skill in transporting him ; and if by reason of any negligence on their part, the coach was overturned, and he thereby injured, they would be liable for his damage, not on account of their

contract to carry him safely, but on account of a legal obligation to do so.

Mr. Chitty, in speaking of actions of tort, 1 Chitty Pl. 384, says, that in a declaration against a surgeon, etc., it is sufficient to aver that he was employed as such for reward, to treat and cure the plaintiff, and that he entered upon the treatment without showing any undertaking by defendant, or averring in words that it was defendant's duty to act skilfully, etc., and adds : " Care must be taken in declaring in case in actions of this nature, that the count be not framed as in assumpsit, laying a promise," etc. And the same author, in treating of the joinder of actions, in the same volume, on page 199, says, if the count objected to be for a non-feasance and breach of contract, and is substantially in assumpsit, though it omit the words " undertook and faithfully promised," yet it will be considered as framed in assumpsit; and if it be joined with other counts for torts, the misjoinder will invalidate the whole declaration.

In *Burnett* v. *Lynch*, 5 B. & C. 589, LITTLEDALE, J., on p. 609, says : " Assumpsit lies where a party claims damages in consequence of a breach of promise not under seal. That a promise may either be express or it may be implied from a legal obligation to do a particular act. Where there is an express promise, and a legal obligation results from it, then the plaintiff's cause of action is most accurately described in assumpsit, in which the promise is stated as the gist of the action. But where from a given state of facts the law raises a legal obligation to do a particular act, and there is a breach of that obligation, and a consequential damage, there, although assumpsit may be maintainable upon a promise implied by law to do the act, still an action on the case founded in tort is the more proper form of action, in which the plaintiff in his declaration states the facts out of which the legal obligation arises, the legal obligation itself, the breach of it, and the damage resulting from that breach."

Addison on Torts, p. 13, says: " A tort may be dependent upon, or independent of, contract. If a contract

imposes a legal duty upon a person, the neglect of that duty is a tort founded on contract; so that an action *ex contractu* for the breach of contract, or an action *ex delicto* for the breach of duty, may be brought at the option of the plaintiff."

Mr. Chitty, in his work on pleading, does not give a form for a declaration against a surgeon, but he gives several against an attorney, both in case and in assumpsit, and the only real difference between them is, that in the declaration in assumpsit, it is averred that the defendant undertook and faithfully promised, etc., and in case, it is averred that the defendant accepted and entered upon the retainer and employment, and it became and was his duty, etc.

In the case at bar, as we have seen, the appellees claim that the gist of the action of the appellant was the misfeasance of the appellees in the discharge of a duty imposed upon them by law, and not for a nonfeasance and breach of contract to treat the broken arm and care for the appellant; and we are referred to *Sherman* v. *Western Stage Company*, 22 Iowa, 556, as a case directly in point, to sustain their position and the ruling of the court below. In the statement of that case, it is said that the plaintiff's wife and child took passage in the defendant's line of coaches at Des Moines for Fort Dodge, and were drowned in crossing Boone River, in consequence of the alleged carelessness of the driver and employees of the defendants, and the insufficiency of their ferry-boat. To recover damages for this bereavement, the action was commenced. The court held that the cause of action, as it was declared and set forth in the petition or complaint, was for personal injuries to the wife and child of the plaintiff, resulting in their death, and sounding in tort, rather than contract, and that the statute of limitations applicable to actions for injuries to the person governed.

It does not appear by the statement of the case, that there was any contract by the defendant to carry the wife and child. It is simply that they took passage in the coach at Des Moines for Fort Dodge. It is very much like the case

of *Bretherton* v. *Wood*, 3 Brod. & B. 54, and the court in its opinion admits that the question is not free from doubt, and the ruling is predicated upon the fact that the cause of action, as it is declared and set forth in the complaint, sounds in tort rather than contract.

In the case under consideration, it is averred in the complaint that the appellant employed the appellees to set and heal his arm, which was broken, and, for that purpose, they undertook, as surgeons, for the sum of one hundred dollars, paid them by him, to attend and care for him, and that they so negligently and unskilfully conducted themselves in setting and attempting to heal the arm as to impair and destroy its efficiency. We think the action was upon the contract. That a breach of the contract should result in impairing and destroying the efficiency of the appellant's arm, does not show that the gravamen of the action is an injury to his person within the meaning of section 211, 2 G. & H. 158. Actions on contracts not in writing must be commenced within six years next after the cause of action accrues. Actions for injuries to the person within two. The complaint in this case sets out a contract between the appellant and the appellees, by which they undertook to set and treat a broken arm for him for hire, and a breach of that contract, to his damage. The damage sustained by him by reason of such breach consisted in the loss of the use of his arm. To hold that an action in such a case is for injuries to his person, will be equivalent to holding that no action can be maintained against a surgeon on his contract to treat a broken limb or perform any other professional service, where the damage for the breach of such contract is a loss of the use of the limb or other injury to his health; that in all such cases the action must be for the tort.

The language used in the complaint is substantially that which was formerly used in a declaration in assumpsit. It is averred that the defendants, in consideration of one hundred dollars paid to them by him, "undertook" as surgeons to attend and care for him and set and treat his broken arm.

In our opinion such language indicates a purpose to sue on the contract.

As was said in *Dale* v. *Hall, supra,* the distinction between actions *ex contractu* and *ex delicto* were often very nice, and many seeming conflicting decisions on the subject are found in the books. We think the court realized that in *Bretherton* v. *Wood, supra,* and that the judge felt somewhat embarrassed by it in writing the opinion. The conclusion of the court in that case was, however, that it was for the plaintiff to elect whether he would sue on the contract, or in tort founded upon it, and that the declaration was so framed as to make it an action *ex delicto,* and not *ex contractu;* and the same may be said of *Sherman* v. *Western Stage Company,* 22 Iowa, 556, *supra.* That case, like *Bretherton* v. *Wood,* was determined upon the language of the complaint. In both, it was held, that the plaintiff had sued for the tort; that the action was in form *ex delicto.* In this we hold that the plaintiff elected to sue on the contract, and that the statutory limitation of six years is applicable.

The judgment of the said Superior Court is reversed, with costs; the cause is remanded, with instructions, to that court in general term, to reverse the judgment of said court in special term, and direct the said court in special term to sustain the demurrer to the second paragraph of the answer, and for further proceedings, etc.

Petition for a rehearing overruled.