Burns, Executor, *v.* Barenfield *et al.*

the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.

---

No. 9715.

## Burns, Executor, *v.* Barenfield et al.

Malpractice.—*Pleading.—Contract.—Statute of Limitations.*—A complaint averred that the defendant, who was a physician, for a valuable consideration specified, "undertook and promised faithfully, skilfully and diligently to treat and cure" a certain tumor afflicting the plaintiff, and that he treated the same so unskilfully and negligently that the same was not cured; and the plaintiff was thereby disabled, and caused to suffer great pain and injury.

*Held,* that the complaint was good on demurrer.

*Held,* also, that the complaint was upon contract and not in tort, and an answer that the cause of action did not accrue within two years was bad on demurrer.

Practice.—*Pleading.—Amendment.*—It is within the discretion of the lower court, after a new trial has been granted, to permit the plaintiff to file an additional paragraph of complaint.

Witness.—*Experts.—Opinion.*—A witness called as an expert can not be asked to give an opinion based upon facts *personally known to him.* Such questions must be based either upon facts previously stated by the witness himself, or upon facts testified to by others, or upon facts agreed to or assumed as true hypothetically.

Same.—An expert, who has listened to the evidence, can not, as such, give an opinion upon his own recollection and construction of such evidence.

From the Carroll Circuit Court.

*A. W. Reynolds, E. B. Sellers* and *J. Applegate,* for appellant. *R. Gregory,* for appellees.

Morris, C.—This cause was commenced in the White Circuit Court, where a trial was had, resulting in a verdict for the appellees. A new trial was granted upon the application of the appellant, and the venue changed to Carroll County.

The complaint alleges that the appellee Henrietta Baren-

field, the wife of her co-appellee, on the — day of February, 1878, became and was afflicted with a wen or tumor upon her head, and that Liberty M. Burns, then in life, being a practicing physician and making the treatment and cure of cancers a specialty, she called upon the said Burns to examine and diagnose her disease; that he examined said tumor, and pronounced it a cancer, and as such physician, and in consideration of $60, to be afterwards paid him by the appellees, undertook, promised and agreed with the appellee Fritz, to faithfully, skilfully and diligently treat and cure said cancer, but that 'he, the said Burns, conducted himself in and about the endeavoring to treat and cure said pretended cancer so unskilfully, negligently and unprofessionally, that, by improper treatment of said tumor, the same was not cured; that the said Henrietta, on account of said improper treatment, became and was very sick and wholly disabled and greatly disfigured; that she was unable to work for eighteen months; that said improper treatment produced a great sore on the head of the said Henrietta; that portions of the frontal and parietal bones of her head were eaten out; that she suffered great pain and was put to great expenses, etc., to their damage $5,000.

The appellant demurred to the complaint. The demurrer was overruled.

The appellant answered the complaint in five paragraphs, the first being the general denial.

The second paragraph of the answer states that the injury complained of was caused by the negligence of the appellees. The third states that the injury complained of was caused by the negligence of the appellee Henrietta. The fourth states that the cause of action did not accrue within two years prior to the death of said Burns. The fifth paragraph is the same, except that it says the cause of action in favor of Henrietta did not accrue within two years prior to the death of said Burns. The appellees demurred to the second, third, fourth and fifth paragraphs of the answer. The demurrers to the second and third were overruled; the demurrers to the fourth

and fifth were sustained. The appellees replied to the second and third paragraphs of the answer by a general denial.

It was agreed of record by the parties, that all the rights of both the appellees, whether arising out of contract or tort, on account of the alleged medical treatment of Henrietta Barenfield by the decedent, Liberty M. Burns, should be determined in this action, and that the proceedings should be a bar to any further action against the defendant by the plaintiffs or either of them, growing out of said matters.

After the verdict in the first trial had been set aside, the appellees filed, upon leave of court, a second paragraph to their complaint. To this the appellant excepted.

The second paragraph of the complaint thus filed was, substantially, the same as the first.

The appellant answered the second paragraph of the complaint by a general denial. She also answered that the cause of action did not accrue within two years prior to the death of said Burns. To this second paragraph of the answer the appellees demurred. The demurrer was sustained.

The cause was submitted for trial to a jury, who returned a verdict for the appellees. The appellant moved for a new trial; the motion was overruled and she excepted.

The rulings of the court upon the several demurrers and upon the motion for a new trial are assigned as errors.

The appellant insists that the cause of action stated in each paragraph of the complaint is in tort, and not upon contract. The counsel for the appellant say: "The words, 'as such physician,' indicate that a breach of duty is counted on." The language of the complaint is: "That, as such physician, and in consideration of $60, to be thereafter paid," etc., "he undertook, promised and agreed with the plaintiff Fritz to faithfully, skilfully and diligently treat and cure said cancer," etc.

It is too clear, we think, to admit of question, that it was competent for the appellant's testator, as a physician, to undertake, promise and agree, as he is alleged to have done, for the consideration stated. It is equally clear and indis-

putable that if he so undertook, promised and agreed, and failed to perform as promised, he became liable upon the contract. The failure to perform the promise may have involved a wrongful disregard of professional duty, but it would not, for that reason, be any the less a breach of the contract.

Here the promise is alleged and counted upon. It is stated as the gist of the action, and it is for its breach that the appellees ask damages. *Burnett* v. *Lynch,* 5 B. & C. 589 ; *Staley* v. *Jameson,* 46 Ind. 159 (15 Am. R. 285). The court did not err in overruling the demurrer to the first paragraph of the complaint.

Nor did the court err in sustaining the demurrers to the fourth and fifth paragraphs of the answer to the first paragraph of the complaint, nor in sustaining the demurrer to the second paragraph of the answer to the second paragraph of the complaint. The answers were put in on the assumption that the causes of action declared upon sounded in tort, and would, for that reason, be barred in two years. The question is decided adversely to the appellant in the case of *Staley* v. *Jameson, supra.* Nor did the court err in allowing the appellees to file a second paragraph to their complaint. This was within the discretion of the court.

The appellant insists that the court erred in overruling her motion for a new trial.

A doctor Clark was introduced by the appellee as an expert witness. He testified that he was a physician, a graduate of the Ohio Medical College ; that he had practiced one year in the Cincinnati hospital and ten years in Monticello ; that he was acquainted with the testator of the appellant and with the appellees ; that he had attended Henrietta in her confinement and treated her for ague, but for nothing of a serious character ; that she had showed him something on her head in 1877 ; that he had examined it and found it to be a small cystic tumor, containing either fluid or solid matter ; that it was not a cancerous tumor, but a lifeless one ; that it

was not serious but harmless; that it would not destroy or disfigure any part of the head; that it could be removed by the knife. He also testified that he did not, when he found the plaster put on Henrietta's head by Burns, examine it very carefully; that there was a large ulcerating tumor on her head; that he had examined her head that day; could not tell how long it was after the plaster was applied; the tumor was at first about the size of a hazel-nut. He further stated: "There is a large cicatrice on her head now and the outer table of the skull bone is destroyed; there is dead bone there under the scalp and the scalp is what we call scarified—cicatrized." Upon being shown something, the witness was asked what part of the body it came from. He answered: "I should judge from the skull; that about four inches square of scalp and the outer table of the skull had sloughed off;" that he could not tell whether the injury would be permanent or not. He was asked if he attributed the injury to the severe action of the plaster. The witness answered: "I took it to be the plaster." He was then asked: "Did you analyze the plaster; do you know what was on it?" He answered: "I do not know." The following question was then asked the witness by the appellees' counsel:

"I will ask you, Doctor, in your opinion as a physician and chemist, and from the facts you have stated in reference to it, whether or not the substance in that plaster was poison."

The question was properly objected to, but the objection was overruled, and the witness answered: "I think it did." The witness had also testified that he had studied chemistry some; and that he had made the study of poisons a specialty while he studied chemistry. The witness was asked what kind of poison the plaster contained, and stated in answer to the question that he thought it was a mineral poison. Proper exceptions were reserved to this question.

The witness was then asked this question by the appellee:

"I will ask you to state, Doctor, from what you know about it, from your examination of that cystic tumor, prior to the

application of this plaster, after the first application of the plaster in February, or subsequent application, as to the manner, whether or not you consider that a skilful treatment of that kind of trouble, upon your examination of the case; I will ask you to state whether you consider that a skilful treatment of the tumor." This question was objected to properly; the objection was overruled, and the witness answered: "Oh, no; it was not a skilful treatment." An exception was saved to this question and the answer.

.The foregoing is all that is material in the testimony of the witness Clark.

The opinion of an expert must be based upon proved or admitted facts, or upon such as are assumed for the purpose of a hypothetical question. The answer of the witness was not based upon facts stated by him. What he knew about the case might, and doubtless did, embrace much more than he had stated to the jury; how much or what he knew about the case was, in a great measure, unknown to the court and the jury. It is the clear right and duty of the jury to judge of the truth of the facts upon which the opinion of the expert is based. If his opinion is based upon what he may suppose he knows about the case, upon facts, it may be, altogether irrelevant and unknown to the jury, it would be impossible for them to pass upon the truth of the facts upon which the opinion may be based, or to apply the opinion of the expert to the facts. Neither court nor jury can know the facts upon which the opinion rests. It is obvious that where the expert delivers his opinion from what he supposes he knows about the case, he must assume and exercise both the functions of the court and the jury—he determines that what he knows is both relevant and true. The relevancy of the facts must be determined by the court, their truth by the jury. The witness can not pass upon such questions. He must give his opinion upon facts testified to by him, other witnesses, or upon facts agreed to or assumed hypothetically. *Guetig* v. *State*, 66 Ind. 94 (32 Am. R. 99). In

the case of *Kempsey* v. *McGinniss*, 21 Mich. 123, in speaking of expert or professional witnesses, the court says:

" But in the case of such professional witnesses, as well as in that of unprofessional witnesses,—who are allowed to give their opinions only from personal observation,—the facts upon which the opinion is founded must be stated, and the jury must be left to determine whether the facts stated, as well as the opinions based upon them, are true or false. And it is obvious that when such opinions are given without personal knowledge or observation, such opinions must be based either upon facts observed and stated by other witnesses who knew them, or upon a state of facts assumed for the purpose as a hypothetical case, which the jury may find from the evidence."

In this case the opinion of the witness does not appear to have been based upon facts stated by him or any other witness, but upon what he supposed he knew about the case; nor was his testimony based upon an agreed statement of facts, nor upon facts assumed for the purpose of putting a hypothetical question. We think the court erred in allowing the witness to state, from what he knew of the case, whether the treatment was proper or improper. *Rouch* v. *Zehring*, 59 .Pa. St. 74. The judgment below should be reversed.

It is not to be inferred from what has been said, that the professional witness can, if present during the trial, base his testimony upon his recollection and construction of the evidence given in the case. He must base his opinion upon his own testimony, or upon a statement of the facts assumed to have been proven.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.