No. 11,809.

## BOOR, ADMINISTRATOR, ET AL. *v.* LOWREY.

DAMAGES.—*Action for Personal Injury Does not Survive.*—*Malpractice.*—*Cases Limited.*—Under section 282, R. S. 1881, an action against a surgeon for malpractice to recover for an injury to the person, in whatever form it may be brought, does not, on the death of the defendant, survive against his personal representative. *Staley* v. *Jameson,* 46 Ind. 159, and *Burns* v. *Barenfield,* 84 Ind. 43, limited.

ELLIOTT and ZOLLARS, JJ., dissent.

PARTNERSHIP.—*Abatement of Action Against One Partner.*—Quære, whether, upon the death of one of two partners sued jointly for malpractice and the consequent abatement of the action as to him, the action also abates as to the other? In any event, however, a plea is necessary.

PRACTICE.—*Abatement.*—*Arrest of Judgment.*—Where the action has abated as to one of two persons sued jointly, no judgment can be properly pronounced on a verdict against both, over a motion in arrest.

SAME.—A judgment should be arrested where such error appears on the face of the record as vitiates the proceedings.

EVIDENCE.—*Declarations of Partner.*—*When Admissible.*—To make the declarations of one partner admissible against the firm, they must have

Boor, Administrator, *et al. v.* Lowrey.

been made in the course of the partnership business and with respect to a transaction pertaining thereto.

SAME.— *When not Admissible.—Res Gestæ.*—The admissions and declarations of one partner, made after the event to which they relate has transpired, are not admissible against the other unless part of the *res gestæ.*

SAME.— *When Opinion of Physician as to Treatment of Case not Binding on Partner.*—Opinions expressed by one physician, in the absence of his partner, after the employment is at an end, as to the propriety of the treatment or the results attained, are not binding on the latter.

SAME.— *Expert.— Hypothetical Question.— Province of Jury.*—In an action against a surgeon for malpractice, a hypothetical question which asks a witness to assume that statements made by the defendant as to the cause of certain depressions and enlargements about a dislocated joint, with all the other facts supposed, are true, and upon the whole question give his opinion as an expert whether a reduction of the joint was accomplished, is within the rule.

From the Fayette Circuit Court.

*J. H. Mellett, E. H. Bundy, J. Brown, W. A. Brown* and *R. Conner,* for appellants.

*T. B. Redding, D. W. Chambers* and *J. S. Hedges,* for appellee.

MITCHELL, C. J.—Isaac Lowrey brought this action against Luther W. and Frank C. Hess, to recover damages alleged to have resulted from the negligent and unskilful manner in which they set and treated his shoulder, which had been dislocated and fractured.

It is charged in the complaint, that the defendants were partners, engaged in the practice of medicine and surgery, and that the plaintiff, having sustained a fracture and dislocation of his shoulder, employed them, and they undertook, for a certain reward, to set, reduce and treat it, and that they executed their undertaking so negligently and unskilfully as that his arm and shoulder became and remain stiff, immovable and fixed, in an unnatural position; that in consequence of their negligence and unskilful treatment, he suffered and still suffers great pain, distress and impairment of health, and that he is permanently disabled from pursuing his usual avocation. Incidentally, it is recited that in attempting to bet-

ter and cure his arm and shoulder, he has expended $300. Damages are laid at $10,000.

While the cause was pending Luther W. Hess died, and his death was suggested on the record. Thereupon, Walter A. Boor, administrator of his estate, was substituted as a defendant. Over the several objections of both defendants, the action was prosecuted to final judgment, resulting in a recovery against the estate of the one, and against the other personally for $6,000.

First in the order of presentation and in importance is the question, whether, after the death of Luther W. Hess, the action survived against his personal representative?

It is plainly enacted in the statute, section 282, that "A cause of action arising out of an injury to the person dies with the person of either party, except in cases in which an action is given for an injury causing the death of any person," etc.

The rule *actio personalis moritur cum persona*, is thus transformed from an ancient maxim of the common law into an express statutory declaration, except only in the cases provided for by its terms. It is said, however, that where a duty is founded upon contract, even though the breach of it may be in tort, an action *ex contractu* may, at the election of the person injured, be maintained, and that where the action is thus brought, it survives notwithstanding the statute. In support of this contention, *Staley* v. *Jameson*, 46 Ind. 159 (15 Am. R. 285), and *Burns* v. *Barenfield*, 84 Ind. 43, are relied on. These were cases against surgeons for malpractice, and both turned upon the statute which requires actions for injuries to the person to be commenced within two years. In each it was held that the action was in form *ex contractu*, and that the statute limiting the time for the commencement of actions for injury to the person did not apply.

What the particular damages were which were claimed as the subject of the actions, respectively, does not clearly appear from the statement of the complaint in either case. It

must be assumed, however, that the actions were for the recovery of special damages, which had relation to property. They were not, therefore, actions to recover for injuries to the person. If they were, the conclusions reached can not be maintained.

This assumption would seem to be justified by an examination of the authorities upon which the decisions are made to rest. Those which support the conclusion reached are cases involving injury to personal property. *Dale* v. *Hall*, 1 Wilson, 281; *Burnett* v. *Lynch*, 5 B. & C. 589.

It may be that actions *ex contractu* are maintainable for the recovery of special damages resulting from a breach of duty founded on contract, even though injury to the person results. The action thus maintainable, however, is not, and can not be predicated upon the personal injury, nor to recover damages resulting from injuries to the person. The action must involve injury to the estate, and not to the person. Where the primary cause of action is an injury to the person, and the damages sought to be recovered relate primarily to such personal injury, the statute which provides that actions to recover damages for injuries to the person die with the person of either party, can not be abrogated by the mere form in which the action is brought.

The case of *Bradshaw* v. *Lancashire, etc., R. W. Co.*, L. R. 10 C. P. 189, affords an example of the instances in which actions sounding in tort may survive. In that case the declaration stated that the testator, a boot and shoe manufacturer, had become a passenger on the defendant's railway, to be carried on a certain journey for a reward, and that they promised to take due care whilst carrying him as such passenger. Breach, that the defendants did not take care in carrying him, whereby he was injured, and incurred expense in medical attendance, and was prevented from attending to his business, and from personally conducting the same, and that great loss and damage was thereby occasioned to the personal estate of the testator. It was contended that because of the death of the testator the

executrix could not maintain the action. But as the ground of the action was to recover damages which accrued to the estate of the testator in his lifetime, such as medical and other expenses, and for injury to business resulting directly from the breach of the contract to carry, it was held the action survived.

Of the same character was the case of *Potter* v. *Metropolitan, etc., R. W. Co.*, 30 L. T. (N. S.) 765; S. C., 32 L. T. (N. S.) 36. In that case, after quoting from *Knight* v. *Quarles*, 2 Brod. & Bing. 102, to the effect that if, through the default of a carrier, one sustains an injury to his person, whereby his means of improving his personal property were destroyed, his executors might sue, BRAMWELL, B., said: "Now here there has been a breach of contract, which has caused a loss, which has fallen upon the personal estate," and it was held that the action was maintainable to recover for such loss.

Again, when the case came before the Exchequer Chamber, Lord COLERIDGE, C. J., said: "From a breach of the contract on the part of the defendants a loss or damage accrued to the personal estate of the plaintiff's testator." Accordingly it was held that where there was a promise and a breach of it in the lifetime of the testator, resulting in an injury to his personal property, an action in assumpsit might be maintained to recover for such injury. So, also, it is said in 2 Williams, Exrs., pp. 876, 877: "If the executor can show that damage has accrued to the personal estate of the testator by the breach of an express or implied promise, he may well sustain an action, at common law, to recover such damage, although the action is in some sort founded on a tort." See, also, *Tichenor* v. *Hayes*, 41 N. J. L. 193 (32 Am. R. 186; 9 Cent. L. J. 470).

This much has been said to limit the cases of *Staley* v. *Jameson, supra*, and *Burns* v. *Barenfield, supra*, to the class of actions to which they were doubtless intended to have application.

It is not necessary that we should determine the particular character of special damage to property which might

be recoverable in an action on contract where injury to the person was an incident. It is enough to say this action is brought primarily to recover for injury to the person. That an action, the purpose of which is to recover for an injury to the person, can not be maintained after the death of the person committing the injury, is, we think, supported by all the authorities, and this, too, regardless of the form in which it is brought.

In *Stebbins* v. *Palmer,* 1 Pick. 71, it was held that an action for breach of promise of marriage would not survive against the personal representative of the promisor. WILDE, J., said : " The distinction seems to be between causes of action which affect the estate, and those which affect the person only : the former survive for or against the executor, and the latter die with the person."

Following this case, COLT, J., said, in *Kelley* v. *Riley,* 106 Mass. 339 (8 Am. R. 336), a similar case : " The action could not be continued to summon in the administrator, because, as no special damage is alleged, it does not survive."

In the later case of *Chase* v. *Fitz,* 132 Mass. 359, which was an action of the same complexion, in which an attempt was made to charge special damage, it was held that the neglect or refusal to perform an invalid executory contract could not constitute a basis for special damage. After defining, to some extent, what was meant by the phrase " special damage," as used in the class of cases to which this belongs, it was held that the action did not survive against the personal representative. See, also, *Smith* v. *Sherman,* 4 Cush. 408 ; *Grubbs* v. *Sult,* 32 Grat. 203 (34 Am. R. 765) ; *Dillard* v. *Collins,* 25 Grat. 343. In the case of *Wade* v. *Kalbfleisch,* 58 N. Y. 282 (17 Am. R. 250), which was an action for breach of marriage contract, brought in form *ex contractu,* the court by CHURCH, C. J., said : "Although, in form, this action resembles an action on contract, in substance it falls within the definition of the exception, as an action on the case for personal injuries. * * * The controlling con-

sideration is, that it does not relate to property interests, but to personal injuries." In that case it was intimated that as the cause of action was for personal injuries, and as it was indivisible, if the personal features of the action were abandoned, leaving nothing but the incidents, special damages were not recoverable. *Zabriskie* v. *Smith*, 13 N. Y. 322. In *Lattimore* v. *Simmons*, 13 Serg. & R. 183, the same question was involved. In that case, as in this, the action had been brought in the lifetime of the contracting parties. The defendant having died pending the action, the question was, whether it survived against his executors. TILGHMAN, C. J., in the course of the opinion, said: "But the counsel for the plaintiff rely on the contract in this case, and on some general *dicta* that all actions founded on contract, survive. This position is too general. If true, it must extend to contracts implied as well as expressed. Suppose the case of a physician or surgeon, who by unskilful treatment injures the health of a patient. Here is a breach of an implied contract; and yet it will hardly be contended, that in case of death, the cause of action would survive. It seems reasonable, therefore, to confine the survivor of action, to cases in which actual property is affected, even though there be an express contract." So, too, in the case of *Chamberlain* v. *Williamson*, 2 M. &. S. 408, Lord ELLENBOROUGH said: "Executors and administrators are the representatives of the temporal property, that is, the debts and goods of the deceased, but not of their wrongs, except where those wrongs operate to the temporal injury of their personal estate. But in that case the special damage ought to be stated on the record; otherwise the court can not intend it. * * All injuries affecting the life or health of the deceased; all such as arise out of the unskilfulness of medical practitioners; * * would be breaches of the implied promise by the persons employed to exhibit a proper portion of skill and attention. We are not aware, however, of any attempt on the

part of the executor or administrator to maintain an action in any such case."

The case of *Vittum* v. *Gilman*, 48 N. H. 416, was an action against the personal representative of a deceased surgeon, and is directly in point. In that case it was said: "It is generally true that a cause of action arising *ex contractu* survives against the executor; and it is generally true that a cause of action arising *ex delicto* dies with the wrong-doer. In both cases there are well established exceptions. In respect to the latter, if the offender acquires no gain to himself at the expense of the sufferer, as by beating or imprisoning a man, or by slander, the cause of action does not survive; but if by the wrong, property is acquired by the wrong-doer whereby his estate is benefited, an action in some form will lie against the executor to recover the value of the property." This case was approved and followed in the later case of *Jenkins* v. *French*, 58 N. H. 532. In this last case it was held that where the cause of complaint is for injury to property, to which a personal injury is merely an incident, the action survives, but where the cause of action is for an injury to the person, and property is merely incidentally affected, it does not survive. To the same effect is *Wolf* v. *Wall*, 40 Ohio St. 111.

In the case under consideration, the cause of action stated in the complaint, and for which damages are claimed, is the injury to the person of the plaintiff. The injuries recited which might be classed as injuries affecting property are merely incidents growing out of the injury to the person. In whatever form an action might be brought to recover for such injuries, it must be held to abate with the death of the defendant, as well within the common law maxim as within the express terms of section 282, R. S. 1881.

It might well be said within the holding in *Goble* v. *Dillon*, 86 Ind. 327 (44 Am. R. 308), that the action was brought in form *ex delicto*, but we choose to put it on the broader ground, that regardless of the form in which the action is brought,

since the injury for which a recovery is sought is an injury to the person, it can not survive the death of the defendant.

In respect of the personal representative of the estate of Luther W. Hess, it was error for the court to require him to answer for the estate of his decedent, over his motion to dismiss.

The question remains, whether by the death and consequent abatement of the action as to Luther W. it also abated as to Frank C. Hess?

Upon the record as it comes before us, we are not prepared to hold that the death of one partner had the effect to abate the action as to both.

As the judgment which was pronounced in the court below must of necessity be reversed, and as this question does not seem to have received such attention in the argument as its importance merits, we do not now until fuller argument decide it. Ordinarily, torts are joint and several, and each *tortfeasor*, who is shown to have participated in the wrong, is liable for the whole damage. It is suggested, however, that this only applies to cases of intentional wrong, and that because neither of the defendants who were employed as surgeons, may have been willing to undertake the case without the skill and experience of the other, their liability was joint, and not several, and that the abatement of the action as to the one discharged the other. The statement of these propositions on the one side is the extent of the argument relating to the point mentioned on both, and for the reasons already stated we leave the question undecided. Moreover, we think, without a plea, no cause for the abatement of the action is shown upon the face of the record as to the defendant Frank C. Hess. While it is true, that because the record contained a suggestion of the death of Luther W., the cause for the abatement of the action was, as to him, apparent on the face of the record, this did not *ipso facto* abate the action as to his co-defendant. If the action did in fact abate as to him, it must have been upon some cause in addition to

the death suggested, and a plea was, therefore, necessary to bring it on the record.

The action having been prosecuted jointly against the administrator of the deceased partner and the surviving partner, and a joint verdict having been returned against both, since the action had abated as respects the one, no judgment could rightfully be rendered on such verdict over a motion in arrest against both, even if it could have been at the plaintiff's election against the survivor. *Allen* v. *Wheatley*, 3 Blackf. 332; *Palmer* v. *Crosby*, 1 Blackf. 139; *Everroad* v. *Gabbert*, 83 Ind. 489, and cases cited.

After the death of Luther W. Hess was suggested on the record, the case stood to all intents and purposes in legal contemplation as a case against the surviving defendant alone. The proceedings thenceforth, so far as they treated the case as an action against two, were all erroneous, and the verdict having been returned against two, in an action to which in contemplation of law there was but one defendant, it was so radically defective as that no judgment could be pronounced upon it over a motion in arrest.

The court is bound to arrest the judgment where there is such error appearing on the face of the record as vitiates the proceedings. Ordinarily, the objection should be taken by a motion for a *venire de novo*. But as upon the whole record, including the verdict, no judgment could properly be rendered, we think the motion in arrest was well taken.

It was shown that after the plaintiff had been discharged by the surgeons as not requiring further attention from them, he, with his son and one Priddy, called upon Luther W. Hess in the absence of Frank C., and engaged him in conversation. Neither the purpose in going, nor the conversation had while there, had any relation to the further treatment of the plaintiff, but rather to the condition of the shoulder as it then was. This conversation having taken place in the absence of Frank C., objection was made to the introduction in evidence of alleged admissions and declarations made by Luther

W. during its progress.   The declarations of one partner are admissible in proper cases against the firm, on the ground that in such cases the law implies an agency on the part of the one to bind the firm in transactions relating to its business.   In order that such declarations may be admitted, they must have been made in the course of the partnership business, and with respect to a transaction pertaining to its business.

In this respect declarations of a partner, made in the absence of the other partners, stand upon the same footing with the declarations of other agents.   Abbott Trial Ev. 218; *Hahn* v. *St. Clair, etc., Co.,* 50 Ill. 456 ;   *Graham* v. *Henderson,* 35 Ind. 195 ;   *King* v. *Barbour,* 70 Ind. 35 ;   *LaRose* v. *Logansport National Bank,* 102 Ind. 332.

Neither the admissions nor declarations of Luther W. Hess, made after the event to which they referred had transpired, could properly be received in evidence to bind Frank C. Hess, unless they were so immediately connected with the event as to become part of the *res gestæ.   Pittsburgh, etc., R. R. Co.* v. *Theobald,* 51 Ind. 246.

If the one had administered an improper prescription, or neglected to do something proper, the other would have been answerable for his acts or omissions.   But for opinions expressed by the one, in the absence of the other, after the employment was at an end, as to the propriety of the treatment, or the results attained, the absent partner is not responsible.

The rule is especially applicable in cases involving negligence where no common motive is imputable.   Ordinarily, the declarations of one in the absence of the other, in such cases, are not admissible.   1 Greenl. Ev., section 111, and notes.

Over the objection of the administrator, the plaintiff was permitted to testify as to matters occurring and conversations had with the deceased during the course of the reduction and treatment of the dislocated shoulder.

The plaintiff was admitted to testify, on the ground that the deceased had previously testified on a former trial, and

Boor, Administrator, *et al. v.* Lowrey.

that his testimony was available to be used as evidence for the administrator.

It is claimed that the testimony was admissible under the proviso of section 498, R. S. 1881. This section relates to suits or proceedings in which an executor or administrator is a party.

As it results from the conclusion already reached that when the death of Luther W. Hess was suggested upon the record, the action at once abated as to him and his personal representative, it also follows that his administrator was not, and could not be made, a party to the suit.

The question sought to be made is, therefore, not properly before us for decision. As presented, the question has relation to the admissibility of the plaintiff's testimony, on the assumption that the administrator was a party to the suit. But as he was not a party to the action, we need not decide what testimony would, or would not, have been competent in case he had been. In other words, we will not assume a state of facts which did not exist, and decide the question on the assumption that such facts did exist.

The only pertinent inquiry in this connection, in the event of another trial against the surviving partner, is as to the limitations under which admissions by one partner in the absence of the other may be given in evidence. To what has been already said on that subject we have nothing to add.

During the progress of the trial, the plaintiff called a number of surgeons as witnesses to testify in his behalf as experts. To each of these, a hypothetical question, of substantially the same import, was put, and, upon the supposed facts embraced in the question, the witness was asked whether or not there had been a reduction of the dislocation accomplished by the attending surgeons, provided the state of facts supposed existed. In answer to the question thus put, one of the experts answered, over objection, as follows: " I would say that, during the time of the continuance of these surgical facts and landmarks, there was a dislocation

about that time for a long or short while." Another·said, in answer, " Well, you have described a case and the symptoms of an ordinary dislocation."

The objection which is urged to the hypothetical question is, that it embraced, among other things, statements of what the attending surgeon is supposed to have said to the patient during the process of reduction and treatment, concerning the cause of certain depressions and enlargements about the dislocated ·joint. It is argued that the effect of the question was to extract from the witness an opinion as to the truth of what the surgeon said to the patient, and that thereby the witness was called upon to invade the province of the jury. Upon careful examination of the question propounded we do not think it subject to the objection urged.

We can not discover that the question calls upon the expert to determine whether the statements of the attending surgeons were true or false. Rather it asks the witness to assume that the statements made, with all the other facts supposed, are true, and upon the whole question give his opinion as an expert whether a reduction of the dislocated joint was accomplished. We think the question was within the rule, and that, in any event, the answer worked no harm to the defendants. *Goodwin* v. *State,* 96 Ind. 550; *Burns* v. *Barenfield,* 84 Ind. 43.

Some question is made concerning the ·sufficiency of the evidence, but as, for the reasons already stated, a reversal of the judgment must result, no good purpose can be subserved by examining and passing upon the evidence.

In reference to the instructions, upon some of which error is predicated, it is claimed they are not properly in the record. However this may be, as they involve questions of no essential importance to the case, and such as can hardly again arise, we do not inquire whether they are in the record or not.

For the errors indicated the judgment is reversed with costs, with instructions to the court below to dismiss the action as to Walter A. Boor, administrator, etc., and to set

aside the judgment and grant a new trial as to Frank C. Hess and for further proceedings in accordance with this opinion.

Filed Nov. 4, 1885.

## DISSENTING OPINION.

ELLIOTT, J.—I think there may be damages recovered for a breach of contract, although in computing the damages it may be necessary to estimate injuries to the person, as, for instance, if a steam engine should be sold under a fraudulent warranty, but, because of a defect constituting a breach of the warranty, the purchaser should have his arm blown off, this fact might be taken into consideration in computing damages. It is my opinion that the statute applies only to cases of pure torts unmixed with any element of contract, and does not deny a recovery for damages resulting from a breach of contract, although the damages may arise from a bodily injury.

I concur, however, in the general conclusion reached, for the reason that I regard the complaint as in tort and not in contract. If the complaint had been in contract, then, as it seems to me, the injury to the person of the plaintiff arising from the breach of the implied contract to treat the arm with skill and care might have constituted an element in the admeasurement of damages.

ZOLLARS, J., concurs in the opinion of ELLIOTT, J.

Filed Nov. 4, 1885.