BRITTON *v.* BRITTON ET AL.

[No. 2,416.   Filed March 31, 1898.]

EVIDENCE. — *Partnership.* — *Declaration of Partner.*— Statements made by one partner in the absence of the other in the negotiation of a loan for the partnership business are admissible in evidence in an action for the collection of the money so loaned.

From the Montgomery Circuit Court. *Affirmed.*

*G. W. Paul* and *H. D. Van Cleave*, for appellant. *Crane & Anderson* and *White & Reeves*, for appellees.

HENLEY, J.—This was an action for money loaned, begun by appellee Ida F. Britton, against appellant John Britton, and appellee Joseph Britton, who were partners, doing business under the firm name and style of Britton & Bro. The complaint is in one paragraph. Joseph Britton was defaulted. Appellant answered the complaint in two paragraphs consisting of a general denial and plea of payment. A reply in denial was filed, and upon the issues thus formed there was a trial by the court. At the request of the appellant the court made a special finding of facts and stated his conclusions of law thereon. Upon motion the court rendered judgment in favor of appellee Ida F. Britton for $845.42. Appellant excepted to the conclusions of law and moved for a new trial. His motion for a new trial was overruled. The as-

Britton *v.* Britton *et al.*

signment of errors presents two questions: (1) that
the lower court erred in its conclusions of law on the
special finding of facts, and (2) that the lower court
erred in overruling appellant's motion for a new trial.

The facts found by the court show that appellees
Ida F. Britton and Joseph Britton are husband and
wife, and have been husband and wife since the year
1876; that long prior to the loaning of the money as
alleged in the complaint, the said Ida owned a certain
tract of land in the city of Crawfordsville, the title to
which was in her own name; that she sold said prop-
erty, and the proceeds therefrom were invested in
other property, the title to which was taken in the
names of her husband and herself; that said last piece
of property was also sold and the proceeds of such
sale used in purchasing another piece of property in
said city of Crawfordsville, the legal title to which
was taken in the name of said Ida and her said hus-
band; that on the first day of December, 1893, which
was after the happening of all of the facts as above
detailed, John Britton and Joseph Britton, who are
brothers, formed a partnership for the purpose of
manufacturing and selling brick in said city; that
they negotiated for the purchase of certain real estate
in said city upon which to locate their brick yard;
that neither of said partners had any money with
which to purchase real estate, or with which to carry
on the said business of manufacturing brick, but was
dependent wholly upon credit. Thereupon it was
agreed between said partners that the real estate
necessary for the carrying on of said business should
be purchased in the name of Joseph Britton and his
wife, Ida, and if afterwards the appellant desired, he
was to have a half interest in the real estate so pur-
chased at the original price paid. That by certain
conveyances described in said special finding, the title

to the real estate which was held in the name of appellee Ida F. Britton and her husband Joseph, prior to the formation of the partnership of Britton & Bro., was changed so that the same was held in the name of appellee Ida alone, and she applied to one Stephen C. Campbell for a loan of $400.00, stating in her said application that she desired the money for her own separate use and benefit, and not for the use of her husband, Joseph Britton; that said Campbell loaned said Ida the $400.00, and together with her said husband she executed and delivered to said Campbell a promissory note, and to secure the same, executed and delivered to said Campbell at the same time a mortgage upon the real estate so owned by said Ida in her own name, and that the said Ida was the principal in said note, and her husband, said Joseph, was surety thereon; that said Ida received said money from said Campbell, and delivered and paid over to said Joseph Britton the sum of $300.00 for the use and benefit of said Britton & Bro., and that the said Joseph Britton used $250.00 of said money in payment on real estate purchased for said brick business, and the remaining fifty dollars was also used and applied in said brick business; that shortly thereafter the appellant desired to become a joint owner in the real estate purchased for said brick business, and which had been taken in the name of Ida F. Britton and Joseph Britton, and, pursuant to the contract under which the said property was purchased, the said Ida and Joseph, her husband, conveyed to appellant, by warranty deed, the property so purchased, and immediately thereafter appellant and wife conveyed by warranty deed to Joseph Britton the undivided half thereof; that said property was used by Britton & Bro. from the time of its purchase, and continuously thereafter, as their brick yard, and the said Ida received no consideration

whatever for the execution of said deed to the appellant, and the appellant paid nothing for the interest conveyed to him, and said Joseph Britton paid nothing for the interest conveyed to him by appellant, but said deeds were executed for the sole purpose of carrying out the original agreement between the appellant and Joseph Britton; that afterward on the 19th day of March, 1894, appellee Ida F. Britton, borrowed of said Stephen C. Campbell the additional sum of $500.00; that she applied for said loan to said Campbell, and stated in said application that she desired said money for her own separate use and benefit, and not for her husband, the said Joseph Britton; that on said date the said Ida and Joseph Britton executed and delivered to said Campbell their note for said amount, and at the same time to secure said note they executed to said Campbell a mortgage on the said real estate owned by the said Ida F. Britton in her own name, and which she had on or about the 6th of December, 1893, mortgaged to secure the loan of $400.00 heretofore mentioned; that the said Ida was principal on said note and debt of $500.00, and the said Joseph was surety thereon. That said $500.00 was by said Ida delivered to Joseph Britton for the use of Britton Bros. and was by the said Joseph deposited in the Citizens' National Bank of Crawfordsville, Ind., to the account and credit of said Joseph Britton & Bro., which was the name under which said firm did business, and said sum of $500.00 was applied to the use and benefit of said firm in said brick business; that the interest on said sums of money was paid up to December 1, 1895, but no interest has been paid since said time; that prior to the commencement of this action the appellee Ida F. Britton demanded of the said appellant and of the said

Britton v. Britton et al.

Joseph Britton, the payment of said sums of money, which was by them refused, and that said sums of money with interest are now due and wholly unpaid.

Upon the facts found as above, the court states its conclusions of law to be that the appellee Ida F. Britton should recover from the appellant and her co-appellee, the sum of $800.00 with interest thereon from the first .day of December, 1895, and judgment was accordingly rendered.  We do not think the court erred in its conclusions of law upon the facts found. The facts as found by the court, which were within the issues, conclusively show a liability upon the part of the partnership of Britton & Bro. to the appellee in the amount as stated by the lower court.   There was evidence also tending to prove every  material fact found by the court and under the facts the amount of the recovery was not too large.

' It is contended by counsel for appellant that the lower court erred in permitting the witness Campbell to detail a conversation had with the appellee Joseph Britton, in the absence of appellant, which conversation was for the purpose of negotiating a loan to said Britton & Bro., to be used by them in their brick business. The loan was afterward consummated and is the same money which appellee Ida F. Britton seeks to recover.  We think this was clearly a declaration of one member of a firm, and was admissible against this firm. It was made in the course of the partnership business, and was made with respect to a transaction pertaining thereto.   *Boor* v. *Lowrey*, 103 Ind. 468, 53 Am. Rep. 519; *La Rose* v. *Logansport Nat'l Bank*, 102 Ind. 332; Abbott Trial Ev. 218.

From a careful examination of this record, we conclude that the cause was fairly tried, and a proper conclusion reached.   We find no error which would justify a reversal.   The judgment is affirmed.