(September 30, 1919.)

H. P. KLOEPFER, Appellant, v. JACOB FORCH, Respondent.

[184 Pac. 477.]

ACTIONS—ASSIGNABILITY AND SURVIVABILITY—JOINDER OF CAUSES.

1. A cause of action growing out of the purchase of sodium arsenate, represented by the vendor to be sodium arsenite, and the application thereof to crops which were destroyed thereby is assignable and, although stated in the complaint in form *ex delicto*, is, in fact, *ex contractu* and survives the death of a party to the action.

2. Several causes arising out of injuries to property, which affect all the parties to the action, may be united in the complaint, although some or all of them are acquired by plaintiff by assignment.

[As to death of party after jurisdiction is obtained, see note in 29 Am. St. 816, 817.]

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for damages.    Judgment for defendant.    *Reversed.*

Ira E. Barber and W. H. Davison, for Appellant.

A cause of action arising out of a violation of a right of property or an injury to property is assignable. (*Mitchell v. Taylor*, 27 Or. 377, 41 Pac. 119; *Erickson v. Brookings County*, 3 S. D. 434, 53 N. W. 857, 18 L. R. A. 347; *Norfolk & W. R. Co. v. Read*, 87 Va. 185, 12 S. E. 395; *Jordan v. Welch*, 61 Wash. 569, 112 Pac. 656, 657; *Zabriskie v. Smith*, 13 N. Y. 322, 64 Am. Dec. 551, 554; *Caledonia Ins. Co. v. Northern Pac. Ry. Co.*, 32 Mont. 46, 79 Pac. 544; *More v. Massini*, 32 Cal. 590, 595; *Stapp v. Madera Canal & Irr. Co.*, 34 Cal. App. 41, 166 Pac. 823, 825; *McCord v. Martin*, 34 Cal. App. 129, 166 Pac. 1014.)

Where the statutes have abolished the distinct forms of action at law and in equity and have made no express provision for the joinder of causes of action, the propriety of such joinder is held to rest largely in the discretion of the trial court and is liberally permitted for the purpose of avoiding a multiplicity of suits and circuity of action. (23 Cyc. 403.)

Perhaps the final test is whether or not the right of action would survive to the personal representative of the assignor. (4 Cyc. 23, par. 8.) And where the tortious act occasioned injury to property, it does survive and is assignable. (4 Cyc. 24, par. C, note 47; sec. 3096, Rev. Codes; Kerr's Cal. Code, sec. 954.)

O'Connor & Anderson and Chas. F. Reddoch, for Respondent.

The claims upon which appellant brought his suit are not assignable, and do not survive the death of the tort-feasor, and therefore the court is without authority or jurisdiction to substitute the executrix as respondent in this action. (*Emmons v. Barton*, 109 Cal. 662, 42 Pac. 303.)

Our statute on assignments is rather broad, yet we do not believe that it was ever the intention to make actions such as

is sued upon here assignable, where they merely arise out of fraud or deceit, but we are of the opinion that the same are controlled by the common-law rule in such cases. At common law survivability and assignability were convertible terms, and the action did not survive against the tort-feasor, unless his estate was enriched by the tort. (*Willard v. Mohn,* 24 N. D. 386, 139 N. W. 981; *Houghton v. Butler,* 166 Mass. 547, 44 N. E. 624; *Borchert v. Borchert,* 132 Wis. 593, 113 N. W. 35; *Yearteau v. Bacon's Estate,* 65 Vt. 516, 27 Atl. 198; *Jenkins v. Bennett,* 40 S. C. 393, 18 S. E. 929; *Hegerich v. Keddie,* 99 N. Y. 258, 52 Am. Rep. 25, 1 N. E. 787.)

Assignability and survivability are convertible terms at common law. (*Hegerich v. Keddie, supra; Village of Cardington v. Fredericks' Admr.,* 46 Ohio St. 442, 21 N. E. 766; *Ingersoll v. Gourley,* 72 Wash. 462, 130 Pac. 743.)

MORGAN, C. J.—The complaint contains six causes of action, stated in separate counts, and it appears therefrom that appellant and five other persons, who were engaged in raising clover for seed, applied to Jacob Forch, a druggist, for sodium arsenite, a suitable poison to be used in compounding a spray for such crops for the purpose of destroying insect pests; that he sold and supplied them with sodium arsenate and carelessly, negligently, falsely and fraudulently represented to them that it was sodium arsenite and they, not knowing the difference between said chemicals, used the same upon their crops and thereby destroyed them.

Appellant sued in the first count for the destruction of his own crop and in the second, third, fourth, fifth and sixth counts as assignee of the several owners of crops therein mentioned. Forch demurred to the complaint on several grounds and the demurrer was sustained on the ground that several causes of action had been improperly united. Appellant declined to further plead and judgment of dismissal was entered from which this appeal was prosecuted. While the appeal was pending Jacob Forch died and appellant moved this court for an order substituting Rosina Forch, executrix of his estate, as respondent herein.

Two questions are submitted for our consideration which are so closely related they will be discussed and disposed of together: 1. Are the claims assignable; 2. Do the causes of action survive?

As a general rule, in the absence of a statute providing otherwise, causes of action *ex contractu* survive while causes *ex delicto* do not. However, there are well-recognized exceptions to both branches of the rule. As was said by the supreme court of Virginia in *Lee's Admr. v. Hill,* 87 Va. 497, 24 Am. St. 666, 12 S. E. 1052: "The true test is, not so much the form of the action, as the nature of the cause of action. Where the latter is a tort unconnected with contract, and which affects the person only, and not the estate, such as assault, libel, slander, and the like, there the rule, *Actio personalis,* etc., applies. But where, as in the present case, the action is founded on a contract, it is virtually *ex contractu,* although nominally in tort, and there it survives." (See, also, *Booth v. Northrop,* 27 Conn. 325; *Cutter v. Hamlen,* 147 Mass. 471, 18 N. E. 397; 1 L. R. A. 429; *State v. Starkweather,* 40 N. Y. Supr. 453; *Feary v. Hamilton,* 140 Ind. 45, 39 N. E. 516; *Boor v. Lowrey,* 103 Ind. 468, 53 Am. Rep. 519, and note, 3 N. E. 151; *Winston v. Gordon,* 115 Va. 899, 80 S. E. 756; *Williams v. Harris* (Tex. Civ. App.), 193 S. W. 403; *Vragnizan v. Savings Union Bank & Trust Co.,* 31 Cal. App. 709, 161 Pac. 507; 1 C. J., p. 174, sec. 303; p. 186, sec. 342.)

We have no statutory provision abrogating the common-law rule of survival of causes of action above referred to. Applying that rule to this case it may be said that while the action is, in form, *ex delicto,* the cause is, in fact, *ex contractu.* The injury for which recovery is sought grows out of the contract of purchase of sodium arsenate represented by the vendor to be sodium arsenite, and the application thereof to the crops of appellant and his assignors whereby those specific pieces of property were destroyed. These facts distinguish this case from those where recovery is sought for injury to the person or for torts resulting in damage to the estate, gen-

erally, and make these claims assignable and cause them to survive the death of a party to the action. / The motion to substitute Rosina Forch, executrix, for Jacob Forch as respondent herein is granted.

The remaining question is: Did the judge err in sustaining the demurrer to the complaint? Counsel for respondent contends that even though the causes of action are assignable, they cannot be united in one complaint because they arise out of separate wrongful acts alleged to have been committed against appellant and his assignors severally. That is not the true test. The right to unite causes of action is statutory in Idaho and is conferred, and limited, by C. L., sec. 4169, as follows:

"The plaintiff may unite several causes of action in the same complaint, where they all arise out of:

"1. Contracts, express or implied.

"2. Claims to recover specific real property, with or without damage for the withholding thereof, or for waste committed thereon, and the rents and profits of the same.

"3. Claims to recover specific personal property, with or without damages for the withholding thereof.

"4. Claims against a trustee by virtue of a contract, or by operation of law.

"5. Injuries to character.

"6. Injuries to person.

"7. Injuries to property: *Provided,* That where injuries to person and to personal property arise out of the same occurrence or transaction, causes of action may be united in the same complaint, and separate actions for such injuries are hereby prohibited.

"With the exception of the causes of action specified in subdivision 7 last preceding, the causes of action so united must all belong to one only of these classes, and must affect all the parties to the action and not require different places of trial, and must be separately stated; but an action for malicious arrest and prosecution, or either of them, may be united :

with an action for either an injury to the character or to the person.''

These causes arise out of injuries to property, affect all parties to the action, do not require different places of trial, are separately stated, and, pursuant to subdivision 7, above quoted, may be united in one complaint. (*Kruger v. St. Joe Lumber Co.,* 11 Ida. 504, 83 Pac. 695.)

The judgment is reversed. Costs are awarded to appellant.

Rice and Budge, JJ., concur.