**Jason SHAW, The Estate of Jason Shaw, Plaintiff–Appellant,**

v.

**DAUPHIN GRAPHIC MACHINES, INC., a foreign corporation; Corporations A–C, Defendants–Appellees,**

v.

**Dauphin Graphic Machines, Inc., Third-party-plaintiff,**

v.

**Standard Electric and Engineering Company, Third-party-defendant.**

No. 05–35943.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2007.

Filed June 1, 2007.

Joel E. Tingey, Esq., Scott R. Hall, Esq., Anderson Nelson & Hall, Idaho Falls, ID, for Plaintiff–Appellant.

Robert D. Williams, Quane Smith, Idaho Falls, ID, for Defendant–Appellee/Third–party–plaintiff.

Donald L. Harris, Esq., Karl Decker, Holden Kidwell Hahn & Crapo, PLLC, Idaho Falls, ID, for Third-party-defendant.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Decedent Jason Shaw sustained serious injury when his hand was caught in a printing press he was operating for his employer, Bear River Publishers. He sued the press's manufacturer, Dauphin Graphic Machines ("Dauphin"), in federal court, alleging negligence, strict liability, and breach of warranty. He sought damages for medical expenses, lost income, lost earning capacity, pain, suffering, emotional distress, and personal anguish. Dauphin then brought a third-party complaint against Standard Electric and Engineering Company ("SEECO"), which manufactured component parts for the press. After Jason Shaw's death, the district court allowed his estate (hereinafter "Shaw") to be substituted as plaintiff.

SEECO moved for summary judgment on both Dauphin and Shaw's complaints, arguing that Jason Shaw's claims had abated upon his death. The district court granted SEECO's summary judgment motion as to Dauphin, but did not refer to

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

SEECO's motion for summary judgment on Shaw's complaint. Dauphin then successfully moved for dismissal of Shaw's complaint. Shaw appeals from the summary judgment and dismissal orders. We reverse in part both orders.

■ We must first deal with a threshold procedural issue. Dauphin did not appeal the district court's grant of summary judgment in favor of SEECO on Dauphin's third-party complaint. SEECO has moved to be dismissed from this appeal on the ground that Shaw, which did not add SEE-CO as a defendant to its complaint, lacks standing to appeal the summary judgment order in SEECO's favor. While we agree that Dauphin, not Shaw, is the real party in interest, we decline to dismiss SEECO from the appeal. In *Bryant v. Technical Research Co.*, 654 F.2d 1337 (9th Cir.1981), we held that, in contrast to initial notice of appeal under Federal Rule of Appellate Procedure 4(a)(1), which is "mandatory and jurisdictional," notice of a protective appeal under Rule 4(a)(3) may be waived. *Id.* at 1341–42. Thus, we allowed a third-party plaintiff to "tag onto" the appellant's notice of appeal in order to review the district court's dismissal of its third-party complaint. *Id.* at 1343. We find the circumstances of this case sufficiently similar to those in *Bryant* to waive Dauphin's failure to file notice of a protective appeal against SEECO.

We now turn to the merits. Because the Idaho legislature has not enacted a general survival statute, under Idaho law, common law rules continue to govern the survival of claims. *See* Idaho Code § 5–319; *Moon v. Bullock*, 65 Idaho 594, 151 P.2d 765, 767 (1944). Under the common law, claims arising out of contracts (claims ex contractu) generally survive the death of the claimant, while those sounding in pure tort (claims ex delicto) abate. *See Helgeson v. Powell*, 54 Idaho 667, 34 P.2d 957, 961 (1934); *Kloepfer v. Forch*, 32 Idaho 415, 184 P. 477, 477 (1919); *see also Moon*, 151 P.2d at 771.

■ Shaw does not challenge the district court's dismissal of its negligence and strict liability claims, but argues that its breach of warranty claim is governed by Idaho's version of the Uniform Commercial Code ("UCC"), Idaho Code § 28–2–715(2)(b), and is therefore a claim ex contractu that is not subject to abatement. We agree.

In *Puckett v. Oakfabco, Inc.*, 132 Idaho 816, 979 P.2d 1174 (1999), the Idaho Supreme Court held that a breach of warranty claim brought by an employee injured while cleaning a boiler was governed by the UCC rather than by tort law. The court reasoned that the employee, as an agent of his employer, was in privity with the boiler's manufacturer. *Id.* at 1183; *see also Green v. A.B. Hagglund & Soner*, 634 F.Supp. 790, 794–95 (D.Idaho 1986) (explaining that employees can bring UCC breach of warranty actions as either agents, or third-party beneficiaries, of their employers). *Puckett*, which Shaw raised in its opposition memorandum before the district court, compels the conclusion that, under Idaho law, Shaw's breach of warranty claim sounds under the UCC.

Although the damages recoverable under Shaw's UCC breach of warranty claim are similar to those available in a tort action, this claim is "founded on a contract," and is thus ex contractu and survives Jason Shaw's death. *Kloepfer*, 184 P. at 477 (quoting *Lee's Adm'r v. Hill*, 87 Va. 497, 12 S.E. 1052, 1052 (1891)) (internal quotation marks omitted). We therefore hold that Jason Shaw's breach of warranty claim did not abate upon his death.

**REVERSED and REMANDED.**