BENJAMIN C. VITTUM, APPELLANT v. JOSEPH GILMAN, ADMINIS-
TRATOR, APPELLEE.

A cause of action against a physician or surgeon arising from want of care
or skill in the cure of a patient does not survive against an executor.

Nor can a suit be maintained against the executor to recover for increased
expenses incurred by such patient, when they are merely incidental to an
injury which is purely personal and which dies with the wrong-doer.

THIS is an appeal from the decree of the judge of probate of Carroll
county, refusing to extend the commission of insolvency on the estate
of Ebenezer Wilkinson, upon the application of Benjamin C. Vittum,
the appellant. He claimed to be a creditor of the estate, and his claim
was for want of care and skill in the cure of his broken leg, which the
said Wilkinson, as a physician and surgeon, had undertaken.

There was evidence tending to prove the want of due care and skill,
but there was no proof of any special damages except what is to be in-
ferred from a long confinement and suffering and the condition of his
limb.

*Samuel M. Wheeler* for appellant.

*J. Dearborn* for appellee.

BELLOWS, J. The great question in the case is whether this cause
of action did by law survive against the administrator; and this must
be governed by the rules of the common law, which in respect to causes
of action of this sort has not been changed by our statute; see Comp.
Stats., ch. 198, § 14, and Gen. Stats., ch. 207, § 11.

It is generally true that a cause of action arising *ex contractu* sur-
vives against the executor; and it is also generally true that a cause of
action arising *ex delicto* dies with the wrong-doer. In both cases there
are well established exceptions. In respect to the latter, if the offender
acquires no gain to himself at the expense of the sufferer, as by beating
or imprisoning a man, or by slander, the cause of action does not sur-
vive; but if by the wrong, property is acquired by the wrong-doer
whereby his estate is benefited, an action in some form will lie against
the executor to recover the value of the property; as if the testator had
converted the property wrongfully taken into money; or the property
came in specie into the hands of the executor; 1 Ch. Pl. 90; *Ham-
bly* v. *Trott*, Cowp. 376; *Cravath* v. *Plympton, Administrator*,
13 Massachusetts 454; *United States* v. *Daniel & al., Ex'rs*, 6
How. 11.

In respect to causes of action arising *ex contractu* it is laid down in
1 Ch. Pl. 19, that an executor cannot sue for the breach of a promise
which impliedly occasions only a personal suffering to the testator, and
is not shown to have occasioned a special damage to his estate; and he
mentions as an example the case of a breach of promise to marry, and
cites *Chamberlain, Administrator* v. *Williamson*, 2 M. & S. 409,

where it was held that an executor cannot maintain an action for breach of promise of marriage to the testator, when no special damage is alleged. The question here was much considered, and it is a leading case. The decision was put upon the ground that the allegations in the declaration imported only a personal injury to which the administrator is not by law, nor was he in fact shown to be, privy ; holding that all actions for injuries merely personal come within the rule, *actio personalis moritur cum persona*, and that the administrator represents the temporal property of the deceased, but not his wrongs, except when those wrongs operate to the temporal injury of the personal estate ; and the court assume that for injuries affecting the life or health of the deceased arising out of the unskilfulness of a physician, or the imprisonment of a party brought on by the negligence of an attorney, although breaches of the implied understanding for due skill and diligence, the executor cannot maintain a suit.

The doctrine of this case is followed in *Stebbins* v. *Palmer*, 1 Pick. 71, which was carefully considered, and it was there held that a suit for breach of promise to marry, when no special damage is alleged, would not survive againt the administrator.

The court, per Wilder, J., says that the distinction seems to be between causes of action which affect the estate, and those which affect the person only ; the former survive for or against the executor, and the latter die with the person.

This decision is fully sustained in *Smith* v. *Sherman*, 4 Cush. 408, per Shaw, C. J., who says that the opinion proceeds upon the ground that whether a cause of action survives or not does not mainly depend on the form of the remedy, as on a tort or contract, but rather whether the damage is purely personal, not affecting real or personal property. The court further hold that expenditures by the promisee by way of preparation for the marriage, must be regarded as merely incidental to the breach of promise to marry, and would not afford a substantive cause of action, or enable the plaintiff to maintain a suit, which otherwise could not be maintained.

In *Beckman* v. *Drake*, 8 M. & W. 846, the question was whether a claim of a bankrupt arising from a breach of a contract to employ him at a certain salary passed to his assignees. It was held per Parke, Baron, that it would not ; that the rights of an assignee are more limited than those of an executor, and that there are some breaches of contracts for which an executor could not sue, as upon a promise to marry ; nor would it seem, he says, that he could sue for breach of contracts relating to the person of the deceased, as for negligently carrying him by a coach or vessel, or negligently conducting his cure whereby his person was injured ; or negligently conducting a suit whereby he was imprisoned ; but the court say that if the damage to the person result in an injury to the personal estate, as by causing an expenditure of money, or the loss of the wages of labor, the executor might probably sue for a breach of said contract, and recover damages to the extent of the injury to the personal estate.

Upon error to the Exchequer Chamber, 11 M. & W. 315, the

judgment of the Court of Exchequer was reversed and it was held that this claim *did* pass to the assignees. The court, per Lord Denman, C. J., holds that a right of action for an injury to the body or feelings of a trader, arising from a tort independent of contract does not pass to his assignees, as for an assault and battery, slander, or for the seduction of a child or servant; and the same may be said of some personal injuries arising out of breaches of contracts, such as to cure or to marry; and if in the cases last supposed a consequential damage to the personal estate follows from the injury to the person, that may be so dependent upon and inseparable from the personal injury, which is the primary cause of action, that no right to maintain a separate action in respect of such consequential damage will pass to the assignees of a bankrupt. In all these cases the primary cause of action is of a nature properly speaking personal, and the right to maintain it would die with the bankrupt; and the court hold that although the contract in that case was for the personal skill and labor of the bankrupt the breach of it does not appear to cause him any other injury than the diminution of his personal estate; and that injury is therefore the primary and substantial cause of action, and would pass to the assignees.

These views, it will be perceived, correspond with those expressed in *Smith* v. *Sherman*, 4 Cush. 408, before cited, and will illustrate the distinction between causes of action, arising *ex contractu*, which do, or do not, die with the person.

In Pennsylvania, in *Lattimore & al., Ex'rs.*, v. *Simmons*, 13 S. & R. 183, it was held that an action for breach of promise to marry does not survive against executors. The court hold that the maxim that personal actions die with the person extends at common law to all wrongs attended with *actual force*, whether they affect the person or property, and to all injuries to the person only, though without force; and that as to injuries to the person the English statutes have made no alteration; and the court expresses an opinion that a cause of action for the breach of an implied contract to treat a patient with due skill would not survive. Whether it would be otherwise in the case of a contract to marry if it appeared there was also an immediate injury to property, the court declines to express any opinion, but regards the breach of the contract to marry, in its general operation, as affecting the hopes, the feelings, the imaginations, and the minds of the parties, without touching their property, and that therefore it does not survive. So Sergeant Williams lays it down in note *a.* to *Wheatly* v. *Lane*, 1 Saund. Rep. 216, that the better opinion is that an action will not lie (for an executor) except in cases where the breach of contract is of such a nature as appears by the record to render the personal estate less beneficial to the executor.

In *Long* v. *Morrison*, 14 Ind. 595, 21 U. S. Dig. 17, § 147, it is held that at common law a right of action for a tort against a physician for malpractice died with the plaintiff, although under their statute it survives.

In *People* v. *Gibbs & al., Executors*, 9 Wend. 29, it was decided that an action would not lie against the executors of a sheriff for the

default of his deputy in not returning process, unless the estate of the party was benefited by the act complained of, notwithstanding by statute an action *ex contractu* was given in such case against the sheriff; holding that though the action in form may be *ex contractu,* in substance it is *ex delicto,* and the estate not being benefited no action will lie against the executors.

In the case before us the cause of action is the breach of the intestate's undertaking to exercise due skill and diligence in the cure of the plaintiff who was suffering from a broken leg. The evidence tends to prove that the broken bone was not properly set, and that the plaintiff has a bad leg after a long confinement and suffering. There is no proof of increased expenditure by reason of the intestate's want of care or skill, nor is there any direct proof of loss of labor or of prolonged confinement on that account, although it might be inferred from the nature of the case that there was on that account an increased expense incurred and a longer confinement also; but even assuming this to be so, we think, upon the authorities cited, the cause of action does not survive.

The primary cause of action is in its nature merely personal, namely, the pain and suffering caused by the want of care and skill of the intestate, and much as in the case of a breach of promise to marry. In principle we are unable to distinguish the two cases, and we think that the loss of time and the ability to labor must be regarded as incidental, and inseparable from the personal injury as held in *Smith* v. *Sherman,* 4 Cush. 408, and *Beckman* v. *Drake,* 11 M. & W. 315.

There are *dicta* to the effect that when the injury results from the breach of contract, as in a contract to carry passengers by coach or otherwise, assumpsit may be maintained against the executor of the carrier. So it was said in *Knights* v. *Quarles,* 2 B. & B. 102. So in *Beckman* v. *Drake,* 8 M. & W. 854, it was suggested by Baron Parke that for the consequential damages arising from the breach of a contract to cure, an action might be sustained against the executor, and damages recovered for money expended and the loss of the wages of labor; but, as we have seen, a different doctrine was held in the same case on error.

Indeed it has been supposed that in all cases where there was a breach of contract the action would survive, although it is *now* well settled that the cases where the breach of contract results in an injury purely personal, are exceptions to this rule; and we find no adjudged case which holds that a recovery may be had against the executor, in such cases, on account of consequential damage; and we are therefore inclined to adopt the doctrine of *Smith* v. *Sherman* and *Beckman* v. *Drake,* before cited, and to hold that if the primary cause of action dies with the person, that which is merely incidental must go with it. A different doctrine would probably in most cases of this sort expose executors to suits for the recovery of the mere incidental damages, when the substantive cause of action was extinguished, and this we think would be anomalous. Our conclusion therefore is that the decree of the judge of probate must be affirmed.