## SUPREME COURT.

### Mary A. Best agt. Alexander M. Vedder.

*Survivorship of actions — What actions do not survive against executors, &c.*

Where an action was brought by plaintiff against the defendant, who was a practicing physician and surgeon, to recover damages alleged to have been caused by his improper and unskillful treatment of the plaintiff, who had sustained a fracture of the bones of her wrist and employed the defendant in his professional capacity to treat the same, and pending the suit the defendant died:

*Held*, that the action does not survive against the defendant's executors, the injuries alleged to have been sustained by the plaintiff being injuries to her person and not to her estate.

Pain and bodily injuries do not possess such transmissible qualities as to compel the living to atone for such as the dead inflicted, nor to entitle them to receive satisfaction for such as the dead suffered.

*Schenectady Special Term, December,* 1879.

MOTION for leave to revive action against the executors of the defendant.

*I. A. Dennison,* for plaintiff.

*S. W. Jackson,* for executors.

LANDON, *J.*—The defendant, now deceased, was a practicing physician and surgeon. The plaintiff sustained a fracture of the bones of her wrist, and employed the defendant, in his professional capacity, to treat the same. Subsequently, she brought this action against him to recover damages, alleged to have been caused by his improper and unskillful treatment. Pending the suit, the defendant died. The question presented by this motion is, whether the action survives against the defendant's executors.

I think it does not. The injuries alleged to have been sustained by the plaintiff are injuries to her person, and not to her estate. The Revised Statutes (2 *R. S.*, 447, *secs.* 1, 2) provide that, for wrongs done to the property, rights or interests of another, an action may be brought against the executors or administrators of the wrong-doer, in the same manner, after his death, as in actions founded upon contracts, but provides that this right shall not extend to actions on the case for injuries to the person of the plaintiff.

It is immaterial whether we consider this complaint as charging a breach of contract or a breach of duty; whether in form *ex contractu* or *ex delicto ;* in either case the injury alleged is to the person, and not to the estate of the plaintiff. In *Wade* agt. *Kalbfleisch* (58 *N. Y.*, 282), it was held that an action for breach of promise to marry does not survive. "The form of the action," says CHURCH, Ch. J., delivering the opinion of the court, "is not material. The controlling consideration is, that it does not relate to property interests, but to personal injuries." In *Zabriskie* agt. *Smith* (13 *N. Y.*, 333), DENIO, J., says : "It is now well settled that an executor or

administrator cannot maintain an action upon express or implied promise to the deceased, where the damage consists entirely of the personal suffering of the deceased, whether mental or corporeal. Actions for the breach of a promise of marriage, for unskillfulness of medical practitioners, contrary to their implied undertaking, &c., are considered virtually actions for injuries to the person." In *Fried* agt. *The New York Central Railroad Company* (25 *How.*, 285), MASTEN, J., remarks : " If,upon legal rules, injury to the person is the gist of the action, and injury to property or pecuniary interests is merely matter of aggravation, the right of action dies with the person ; but if the gist of the action can be injury to property or pecuniary rights, the right of action is transferred to the personal representatives, who may recover to the extent that the wrong touched the estate."

The maxim that a personal action dies with the person, whether he did or suffered the wrong, seems to be founded upon the theory that executors and administrators only represent the estate of the deceased — that is, his debts and goods. If the estate has been diminished or injured by the wrong of another, to them is committed the duty of re-establishing the integrity of the estate committed to their care; or if their testator or intestate, by his wrong, injured the estate of another, so much may be taken of his estate, from the hands of his representatives, as shall suffice to make good to the injured party whatever has been wrongfully destroyed or subtracted. Pain and bodily injuries do not possess such transmissible qualities as to compel the living to atone for such as the dead inflicted, nor to entitle them to receive satisfaction for such as the dead suffered (*Chamberlin* agt. *Wilson*, 2 *Maule & Sel.*, 408; *Bickham* agt. *Drake*, 8 *Meeson & Wels.*, 854; *Stebbins* agt. *Palmer*, 1 *Pick.*, 71; *Smith* agt. *Sherman*, 4 *Cush.*, 408).

The motion is denied, with ten dollars costs.