JOSEPHINE H. GREENE, as Administratrix, etc., of ELLEN TAYLOR, Deceased, Plaintiff, *v.* VICTOR J. DOWLING and Another, as Receivers of INTERBOROUGH RAPID TRANSIT COMPANY, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, March 29, 1934.

*George Goodstein*, for the plaintiff.

*James L. Quackenbush*, for the defendants.

LEWIS, DAVID C., J.   The plaintiff sues to recover damages for the negligent acts of the defendant by which the decedent's death was caused.

The defendant moves to dismiss upon the ground that this court has no jurisdiction of the subject-matter of this action.

The plaintiff submits no proof; and the defendant contends there is no case in point.

The defendant rests his argument upon the extension and application of certain general principles enunciated in Judge Lauer's work on the Municipal Court Practice (see p. 146).

Section 6 of the Municipal Court Code deals with the jurisdiction of this court.

A brief review of the antecedents and the history of this section reveals a change in style rather than substance.

Under the law creating the old District Court, and later under the charter provisions for the Municipal Court, these jurisdictional provisions were cast into two sections — one section stating what

was included, and another section stating what was excluded. (See N. Y. City Consol. Act, as in force in 1891, §§ 1285 and 1286; Greater N. Y. Charter, enacted by the Laws of 1897, chap. 378, §§ 1364 and 1365.)

On its face the merger of these provisions into one section (to wit, Mun. Ct. Code, § 6) may carry no meaning. But when we refer to the present Justice Court Act, we still find separate sections, one setting forth the authoritative provisions, and the other expressing the prohibitive provisions. (Sec. 3, General Civil Jurisdiction; Sec. 4, No jurisdiction in certain cases.)

Not only this, but subdivision 5 of section 4 of the Justice Court Act specifically excludes an " action brought by the executor or administrator of the deceased to recover damages for the wrongful act, neglect or default by which the decedent's death was caused " (continuing the subdivision in the exact language and wording of section 130 of the Decedent Estate Law).

Suffice it to say that no such specific exclusion is found anywhere in the Municipal Court Code or in its statutory ancestors.

Common reason suggests that this omission is not inadvertent but intentional. Here this law is significant for what it does not say.

Finding nothing expressly denying the jurisdiction of the court, we turn to the provisions expressly endowing the court with jurisdiction. And in this connection the inquiry runs to the nature of this action; for in determining this question we answer the whole problem.

On this point the cases furnish a clear insight into the law.

" The action thus provided for is purely statutory, has existed in this state for many years substantially as now found in the Code and has been repeatedly considered by the courts." (*Matter of Snedeker* v. *Snedeker*, 164 N. Y. 58, at p. 62.)

" Whatever the theory of the complaint may be, it is an action for damages for the causing of the death of a decedent by a wrongful act, be that act one of negligence or a wrongful act of a different character. Section 130 specifically provides for an ' Action by executor or administrator for negligence *or wrongful act or default causing death of decedent.* The executor * * * of a decedent may maintain an action to recover damages *for a wrongful act, neglect or default,* by which the decedent's death was caused. * * *' The cause of action created by section 130 and its predecessor statutes did not exist at common law. It is solely a creature of statute. This statute specifically relates *to negligence.*" (*Werra* v. *Cassedy*, 229 App. Div. 590, at p. 591.)

" But, in applying these statutes, it has been held that the form of the action is immaterial, and that actions, however classified,

for wrongs done to the property, rights or interests of another, survive, while actions *for personal injuries*, both contract and tort alike, abate.

" Thus it has been held that a cause of action for a breach of promise to marry does not survive (*Wade* v. *Kalbfleisch*, 58 N. Y. 282), nor for fraud in inducing one to marry another (*Price* v. *Price*, 75 N. Y. 244), nor an action against a physician for malpractice (*Best* v. *Vedder*, 58 How. Pr. 187). In the case last cited the court said: ' It is immaterial whether we consider this complaint as charging a breach of contract or a breach of duty; whether in fact *ex contractu* or *ex delicto;* in either case *the injury alleged is to the person,* and not to the estate of the plaintiff." (Italics mine.) (*Bernstein* v. *Queens County Jockey Club*, 222 App. Div. 191, at p. 193.)

Thus one comes to the conclusion that while the right to sue is found in the legislative act, the wrong committed is found in the defendants' act; that it is this right to sue for that wrong that the statute creates.

Hence it is evident that the wrong arises out of negligence; and the injury is to the person — personal injuries causing death.

The court is, therefore, of the opinion that the cause of action comes within the jurisdiction of this court.

Motion denied.