Rose Perlman, Plaintiff, *v.* Max Perlman, Defendant.

Supreme Court, Kings County, November 22, 1941.

*Jacob Eichel*, for the plaintiff.

*Lorenz J. Brosnan*, for the defendant.

224

CUFF, J. Motion by plaintiff to consolidate this action for malpractice with one instituted in the Municipal Court about a month prior to the commencement of this action, wherein a physician is suing plaintiff for his fee for the services which plaintiff herein alleges were negligently performed. I do not think that it is fair to require defendant to present his claim for value of services rendered to the jury which passes upon the serious charge made against him by plaintiff herein. Malpractice is an unusual action. It is not like the ordinary accident or contract actions. I think it should be separately treated. In consolidating there would be many incidents, such as the right to open and close, which would be affected. If there were consolidation, defendant would be required to take the witness stand to prove his claim for services or abandon that claim. He could then be questioned (cross-examination) exhaustively by plaintiff (and properly so) concerning the way he performed those services, in other words, the negligence, and plaintiff would thus have the benefit, to whatever degree it would help her, of defendant's testimony. That would deny defendant a right which should be respected. On this claim for malpractice, it is defendant's right to remain off the witness stand when putting in his defense or to put in no defense. It may be helpful or hurtful to his cause. In the effect of his action the court is not interested. In declining to testify in his own behalf he could be exercising a right. That right would be lost if consolidation forced him to testify. Plaintiff may defend the Municipal Court action by asserting the alleged negligence therein. Likewise defendant could have counterclaimed for the value of his services in this action. The parties have assumed their respective positions. There is no reason to change them. Motion to consolidate, considering the nature of this action and all the circumstances, is denied.