MADELINE DENTON et al., Plaintiffs, *v.* WARREN KOSHFER et al., Defendants. (Action No. 1.)

ALEXANDER SULLIVAN, Plaintiff, *v.* GERALD I. SCHIFF et al., Defendants. (Action No. 2.)

MARGARET KOSHOFER et al., Plaintiffs, *v.* GERALD I. SCHIFF, Defendant. (Action No. 3.)

Supreme Court, Special Term, Bronx County, July 21, 1951.

*Martin Rosen* for plaintiff in action No. 2.

*Reuben Schreiber* for plaintiffs in action No. 3.

*Bernard Axler* for Gerald I. Schiff, defendant in actions No. 2 and No. 3.

*William C. Morris* for Warren Koshfer, defendant in actions No. 1 and No. 2.

MATTHEW M. LEVY, J.   Three automobiles, one from North Carolina and two from New York, were involved in an accident on a Bronx thoroughfare.   The result was the institution of three actions: one in the Supreme Court of the State of New York, and two in the Municipal Court of the City of New York.   While a total of twelve persons is listed as litigants, the actual personnel involved is not so numerous when duplication is eliminated.   The operators and passengers of the three automobiles shape themselves up in this fashion: A, B-1, B-2 and B-3 were passengers in B's automobile, which was operated by B.   C and D each owned and operated his own respective vehicle, and, so far as now appears, neither had any passengers.

A (joined by her husband A-1, for the usual derivative cause of action) sued B and C in the Supreme Court for $75,000, for personal injuries.   D sued B and C in the Municipal Court for $225.39, for property damage.   B, B-1 (B's wife) and B-2 and B-3 (B's children) sued C in the Municipal Court for a total of $5,994.19 for personal injuries and property damage.   B and C are involved in all three actions.   Where B is a defendant he is represented by one attorney, and where B and members of B's family are the plaintiffs they are represented by another attorney.   A and A-1 are involved in one suit only and have their own attorney.   D, too, is involved in one suit, and has his separate counsel.   C, who is the visitor from out of the State, and upon whom service in each action was effectuated pursuant to the provisions of section 52 of the Vehicle and Traffic Law, has the same attorney in each action.   The Municipal Court actions were the first ones instituted, and one of these has already been noticed for trial.   In that case, a jury has been demanded — while no jury has yet been demanded in either of the other actions, neither of which has yet been placed upon the trial calendar.

C now applies before me to remove the two Municipal Court actions to the Supreme Court and to consolidate all three actions in that court.   The Supreme Court plaintiffs, A and A-1, raise no objection.   Neither does B as a defendant; but all of the Municipal Court plaintiffs, including B and his family, and D, oppose the motion.

Some years ago, in another forum, I had occasion to study the question of consolidation (*Krohe* v. *Goldman,* 167 Misc. 930).   I

there came to the conclusion (p. 934) that: "Recent statutory enactments have again and again emphasized the Legislature's mandate to the courts to expedite judicial business, to economize in procedural mechanics, and to remove technical restrictions upon the administration of justice, by directing consolidation of pending actions where there is no prejudice to a substantial right". The trend of the times to which I adverted then has become crystal clear today. Calendar congestion has become an aggravatingly burdensome problem in judicial administration; it has demanded and received the considered attention of the Bar, the Legislature, the courts and the public. Lawyer and judge, legislator and citizen, have united in recent years in amending court rules, statutes and Constitution — in an all-out effort to grapple with the matter of calendar delays. The studies and recommendations on the subject by the Judicial Council of the State of New York have been thorough, and are not yet complete. It seems obvious to me that time and money are needlessly wasted when litigants and witnesses and counsel and courts must go through three trials — instead of one — when one trial can do the job at least as well.

D claims that he was standing still at the time of the accident, and could not possibly have been negligent, and therefore should not be involved in the other litigations. But the very gravamen of his complaint against B and C is that he is entitled to recover from either or both. As D's attorney put it in his opposing affidavit, "The only issue to be litigated in Action No. 2 besides the question of damages, is which of the two defendants [C or B] was negligent, causing the said damage to my client's motor vehicle." But the negligence of B vis-a-vis C, and vice versa, is the very issue to be litigated and resolved in the other two actions as well. At the trial of D's suit, there must be the same witnesses, the presentation of the same facts, and the application of many of the same principles of law.

Section 96 of the Civil Practice Act provides that actions may be consolidated "whenever it can be done without prejudice to a substantial right." It is undeniable that all three actions now before me involve common questions of fact and of law. Accordingly, if no substantial right would be prejudiced thereby, it is within the discretion of the court to order consolidation (*Lee* v. *Schmeltzer,* 229 App. Div. 206). The effect of the statute is to remove technical restrictions on the administration of justice, to simplify practice and to expedite justice (*Datz* v. *Economy Cotton Goods Store,* 263 N. Y. 252; *Doolittle* v. *Canfield,* 40 N. Y. S. 2d 763). The fear, as urged by the respondents B, that "consolidation would only tend to confuse the entire question in the

minds of the jurors" is quite unjustifiable. Trial counsel for the respective litigants will clarify the issues; the trial court will be able to instruct the jury on the law applicable to each of the parties; the intelligence and understanding of jurors in present-day New York are not to be underestimated.

Is there any reason then why these three actions should not be consolidated and tried as one? The several grounds of objection mentioned by the opponents to the application have already been disposed of by earlier decisions. That in one case the action is to recover property damage while in another the action is for personal injuries, is no basis for denying joinder (*Alexander* v. *Odgis*, 272 App. Div. 917). That one of the parties in his capacity as plaintiff is represented by one lawyer and by another lawyer in his capacity as defendant (*Matter of Kimmel*, 58 N. Y. S. 2d 681) or that the parties are represented by different attorneys (*Shea* v. *Benjamin*, 275 App. Div. 1003) is no reason to deny consolidation. Nor is the delay which ensues where a Municipal Court action is removed to the Supreme Court and consolidated with a Supreme Court action a sound reason to deny consolidation (*Spevack* v. *Dropkin*, 88 N. Y. S. 2d 92). There is no objection to the consolidation of a jury action with a nonjury action (*Meuer* v. *Horowitz*, 20 N. Y. S. 2d 780; *Edgewater Machine Co.*, v. *Weiss*, 85 N. Y. S. 2d 655). The fact that in one case B is a plaintiff and in another he is a defendant is immaterial (*Goldey* v. *Bierman*, 201 App. Div. 527). The fact that all the plaintiffs in the three suits do not make claims against the same defendants is of no moment, as it is not essential that the actions to be consolidated involve the same parties (*Chemello* v. *Endlich*, 236 N. Y. 653; *Gibbs* v. *Sokol*, 216 App. Div. 260).

There is present one further factor deserving of mention. C, who is a defendant in each of the actions, is a nonresident of the State of New York, and applies for consolidation so as to minimize the expenditure of time and funds involved in three trips here for the individual trials of the three cases. The B plaintiffs (who are likely to get a quicker trial in the Municipal Court) urge that "it would be mainfestly unfair to delay [them] for three years merely to serve the convenience of the defendant [C]". I do not altogether agree. Although there is some delay that will necessarily result to the B plaintiffs from the removal of their action to the Supreme Court, it is not alone their interests which are paramount in the determination of this motion. It is the balance of all interests involved — personal and communal — that determines the exercise of the court's discretion in granting or denying consolidation.

I feel that it is at least as unfair, if not more so, to require C to come to New York from North Carolina on each of three separate occasions to defend himself upon the separate trials. New York has in large measure grown to become the Empire State of the Union because of the hospitable interest and protection afforded in commerce, transportation, industry and finance (and in the arts and in the professions as well) to those who travel to and in our great domain. Native and alien, resident and visitor, receive due and equal consideration in our courts. We should not, for our community's sake, let it be known to our neighbors beyond our boundaries that, should they unfortunately become participants during their automotive travels in our State in an accident involving others, they may be compelled to return to New York to defend themselves — not once, but twice and three and more times, irrespective of expense or time or trouble or inconvenience, and, as a matter of fact, even irrespective of any preliminary proof of culpability on their part.

Section 52 of the Vehicle and Traffic Law was enacted to protect our citizens and others here from nonresidents who, operating their vehicles within our borders, were nevertheless immune from service of process in New York unless they visited us again to the knowledge of the injured plaintiffs. The purpose of the statute was salutary: persons who were injured in automobile accidents on the highways of New York are no longer themselves compelled to travel to the State of domicile of the negligent visitor in order to obtain judicial redress for the wrongs done them. But the statute was intended to afford to those injured on the highways of New York a local forum for judicial redress — it should not be utilized to compel a nonresident defendant to visit us too often against his will to defend against the individual claims separately made by those who claim to have been hurt by the negligent operation of his vehicle — or, if such trips be too troublesome or expensive for our erstwhile welcome tourist, to coerce him by sheer prospective exhaustion to settle the several litigations whatever their merit.

The motion is granted. Inasmuch as the right to open and close in the absence of exceptional circumstances depends upon the priority of the institution of actions (*Brink's Express Co.* v. *Burns,* 230 App. Div. 559), the plaintiffs in the action that was first commenced will have the right to open and close, with the plaintiffs in the action next commenced having second place. The right to jury trial will be preserved. The parties will tax their respective costs after verdict as if there had been no consolidation. Settle order accordingly.