## No. 17,575.

WALTER E. MEFFLEY, ET AL. *v.* ALDEN D. CATTERSON, ET AL.
(287 P. [2d] 45)

Decided August 8, 1955. Rehearing denied August 22, 1955.

Messrs. KRIPKE & McLEAN, for plaintiffs in error.

Mr. PAUL M. CLARK, Mr. LAWRENCE M. WOOD, for defendant in error Alden D. Catterson.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiffs in error were plaintiffs and defendant in error, Catterson, was one of the defendants. We will so refer to the parties. Defendant Catterson was a duly licensed physician and surgeon. The com-

plaint (denominated an action for malpractice) alleged that in the year 1929 plaintiff, Frances Meffley, was suffering from appendicitis, and Dr. Catterson operated upon her; that he failed to exercise reasonable and ordinary care and diligence in performing such operation and negligently and carelessly left an operating and surgical needle in the wound and opening made by him in removing said appendix. Mrs. Meffley prayed for $135,000 damages and on the same state of facts her husband, Walter E. Meffley, prayed for damages in the sum of $76,270 for loss of his wife's consortium and her services as a housekeeper. The complaint in the instant action was filed July 22, 1953. Service was had on defendant Presbyterian Hospital Association of Colorado, but the issues made between plaintiffs and said Hospital Association have not been determined, hence the Hospital is not a party to this record. Dr. Catterson, by answer, denied the negligence alleged in the complaint and set up the two-year statute of limitations as a bar to plaintiffs' action.

Dr. Catterson died October 17, 1954, and his death was suggested to the trial court and the action was dismissed as to the defendant, Dr. Catterson. From the order of dismissal plaintiffs bring the cause here by writ of error.

We quote from the brief of plaintiffs' counsel: "The sole question on appeal is whether or not the trial court was correct in ruling that the action had abated because of the death of the defendant Catterson * * *."

 Is a malpractice action, to recover damages flowing out of physical injury to the patient, and based solely on the alleged negligence of the physician in the performance of a surgical operation, an action for "trespass or injuries done to the person" which, under C.R.S. 1953, 152-1-9, does not survive the death of the defendant? We think it is obvious that C.R.S. 1953, 152-1-9, applies to an action for malpractice. It is the substance and not the form of the action which controls. Counsel for plaintiffs have cited a number of cases

which go to the proposition that the courts favor survival of actions. Here, the complaint charges the defendant Catterson with negligence, and then states that by reason of the negligence and carelessness of the defendant, plaintiffs have been damaged. This, then, is a tort action, not only in form but in substance, to recover for injuries done to the person.

In the old case of *Munal v. Brown,* 70 Fed. 967, Judge Hallett held that the action was brought to recover damages for injuries caused by an explosion and was such a claim for injuries done the person as to come within the provisions of the statute. It was there held that the action did not survive the death of the defendant. The same conclusion was reached in *Letson v. Brown,* 11 Colo. App. 11, which was also a suit to recover for personal injuries suffered in the same explosion which gave rise to the Munal case, supra. See, also, *Mumford v. Wright,* 12 Colo. App. 214; *Clapp v. Williams,* 90 Colo. 13, 5 P. (2d) 872; *Stanley v. Petherbridge,* 96 Colo. 293, 42 P. (2d) 609; *Vittum v. Gilman,* 48 N.H. 416; *Jenkins v. French,* 58 N.H. 532; *Best v. Vedder,* 58 How. Pr. Rep. 187; *Boor, Admr. v. Lowery,* 103 Ind. 468, 3 N.E. 151.

We hold that the claims stated in the complaint for which damages are sought by both plaintiffs, are for injury to the person of Mrs. Meffley, and sound in tort. Since such injury did not survive the death of the defendant the judgment should be, and is, affirmed.