No. 17,921.

HOWARD E. ERICKSON, AS ADMINISTRATOR, ETC. *v.*
PUBLIX CAB COMPANY.
(301 P. [2d] 349)

Decided September 10, 1956.

Mr. PAUL C. BROWN, for plaintiff in error.

Messrs. KOBEY & MITCHELL, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE will refer to the parties by name or as they appeared in the trial court, where plaintiff in error was plaintiff and defendant in error and Walter L. Simmons were defendants.

Plaintiff Erickson as administrator of the Last Will and Testament of Margaret E. Dolman, Deceased, in his complaint alleged that "on or about February 27, 1954, in a public highway adjacent to the premises known as 3518 South Broadway Street, Englewood, Colorado, defendant Walter L. Simmons [agent, servant and employee of defendant Publix Cab Company] carelessly, negligently and unlawfully operated a motor vehicle as to cause the same to strike and injure decedent [Margaret E. Dolman]." In a separate paragraph it was

alleged that: "At the time and place aforesaid, decedent was a regular fare-paying passenger of defendant, Publix Cab Company." It was also alleged that said injuries caused decedent great pain and suffering and that her "life expectancy was greatly disminished" thereby, and that said Margaret E. Dolman died on April 27, 1954. It was not alleged that she passed away as a result of the injuries sustained on February 27, 1954. Plaintiff prayed for judgment against both defendants in the sum of $20,000 for the injuries sustained by decedent, together with surgical and hospital expenses and for pain and suffering caused decedent by said accident.

Issue was joined on the allegations of plaintiff's complaint and defendant's further defense that the action was one which did not survive, under C.R.S. '53, 152-1-9.

At the conclusion of plaintiff's evidence the trial court sustained a motion for a directed verdict in favor of defendants. Plaintiff brings the case here on writ of error as to defendant Publix Cab Company only.

At the trial the only witness called by plaintiff with reference to the accident was the driver of the taxicab, defendant Simons. From his testimony it appears that decedent was an elderly woman, somewhat enfeebled in health. Simmons was a taxicab driver employed by the Publix Company and on the date mentioned was called to 4720 South Ogden Street in Denver, where he picked up decedent, who requested that she be taken to South Broadway and Hampden Avenue. She was taken to that intersection and in front of the premises known as 3518 South Broadway where she asked to be discharged; she left the taxicab and was assisted to the sidewalk adjacent to which the taxicab was parked; while on the sidewalk she paid Simmons the taxicab fare and he reentered the cab, looked in his rear vision mirror, saw nothing behind his cab and backed it a short distance. The rear end of the cab struck decedent.

Counsel for plaintiff in his brief states that "The action is based on contract, the implied contract for safe car-

riage between a carrier and its passenger," and that decedent was still a passenger at the time of the accident.

We must, even under our liberalized system of pleading, look to the substance of the complaint to determine the nature of the action. Counsel for plaintiff insists that the complaint sounds in contract, the implied contract for safe delivery of a passenger by a carrier. If we accept this view as the basis of the action, we must under the facts disclosed by the record, hold that the relationship of carrier and passenger had terminated at the time decedent was injured. Counsel disavow any claim for recovery based on negligence. The reason therefor is obvious because it would then be an action to recover for injuries done to the person which does not survive under C.R.S. '53, 152-1-9. *Meffley v. Catterson, et al.,* 132 Colo. 222, 287 P. (2d) 45; *Cutter v. Hamlen,* 147 Mass. 471, 18 N.E. 397; *Tuttle v. Short,* 42 Wyo. 1, 288 Pac. 524; *Boor v. Lowery,* 103 Ind. 468, 3 N.E. 151.

The contract between a carrier and passenger terminates at such time as the carrier has discharged the passenger in a safe place. In the instant case the only testimony before the trial court was that decedent had been safely conveyed to and discharged on a public sidewalk in Englewood in accordance with her desire and directions. There is not even an intimation that this sidewalk, at the time and under the circumstances, was an unsafe place for passengers to alight.

In 10 A.J. 54 we find the following: "But in the absence of any unusual inherent danger, defect, or obstruction in the place of alighting, the relation of carrier and passenger, in the case of street cars, ceases when the alighting passenger gains a secure and maintainable foothold upon the street. Thereafter, such person is a traveler upon the highway, subject to all the duties and obligations imposed on such travelers, and the railway company is not ordinarily responsible for his safe passage from the car to the sidewalk."

The only evidence in the instant case establishes

that the passenger had reached her destination, had alighted from the taxicab, had paid her fare, had reached and was standing on the public sidewalk before the taxi driver walked around the rear of his cab and re-entered it. She had then become a member of the general public and the Publix Cab Company owed her the same duty that it owed to all other persons on the street or sidewalk. This duty was no part of the contract for safe carriage.

We must conclude that the status of carrier and passenger in the instant case had ceased when the decedent was safely landed on the sidewalk and paid her fare. How she managed to get behind the taxicab is not explained in this record, and it is evident that the place where she stood on the sidewalk was not a part of any crosswalk, but was some distance from the corner where pedestrians traverse the street.

The plaintiff having elected to proceed on the implied contract of safe carriage and it being clearly shown that any contractual relationship had terminated at the time of the injury to decedent, we affirm the judgment of the trial court.

Judgment affirmed.