Matthew M. Levy, J.
A physician sued a parent in the Municipal Court of the City of New York for $325 fees for professional services rendered to the child at the parent’s request. The child died. Claiming that physical injury and ultimate death resulted from malpractice on the part of this doctor and another, the parent, as administrator of the estate of his deceased child, sued the physician and the other doctor in the Supreme Court for $250,000 damages. The administrator (the plaintiff in this court) has moved before me to remove the Municipal Court suit to the Supreme Court and to consolidate the first action with the action pending here. The latter action is not yet at issue. One of the defendant doctors consents to the motion; the other (the plaintiff in the Municipal Court) objects to it.
The issues of compensation and malpractice are interrelated (Blair v. Bartlett, 75 N. Y. 150). The two suits arise out of the same transaction, and there are common questions of fact and law in both. The policy of the law is to consolidate actions where it can be done without prejudice to a substantial right (Civ. Prac. Act, § 96). In my view, the cases should be tried together, and the application for that relief should be granted unless consolidation would result in depriving a party of a substantial right (Denton v. Koshfer, 201 Misc. 394; Krohe v. Goldman, 167 Misc. 930). As the Appellate Division had occasion to point out in Shlansky & Bro. v. Grossman (273 App. Div. 544, 546, quoting from Clark on Code Pleading [2d ed.] at p. 493), a consolidation (or joint trial) “in an appropriate case ‘ is not only a saving in time, trouble, and expense to the parties and the state, but a preventive of the injustice which may result from divergent decisions in each separate ease.’ ”
I am not impressed with the argument (see Perlman v. Perlman, 178 Misc. 223) that it would be unfair to the doctor to compel bim to litigate his claim for compensation in the Supreme Court at the same time that he must meet the charge of malpractice. He cannot escape the airing in one judicial tribunal or another of the factual connection between the two *18 issues, because the parent could defend the Municipal Court action brought against him by the physician for compensation upon the ground that the doctor would not be entitled to be paid for his services in a case where he had been guilty of malpractice. And it should make no difference whether the issues are litigated in the Municipal Court or in the Supreme Court — provided they do not have to be litigated twice.
And that, it seems to me, is the crux of this problem. Assuming that the Municipal Court has jurisdiction of an action or counterclaim for malpractice (N. Y. City Mun. Ct. Rules, rule IV [A] [8d]; see, also, Lauer on Municipal Court Practice [2d ed.], § 83, p. 177) or for wrongful death (see Greene v. Dowling, 150 Misc. 865), as distinguished from an action for a personal injury (N. Y. City Mun. Ct. Code, § 6, subd. 1; cf. Civ. Prac. Act, § 49, subd. 6, with § 50, subd. 1, and Decedent Estate Law, § 130), there could be no appropriate or effective counterclaim interposed by the parent in the Municipal Court in the instant case, and for two reasons: First, the counterclaim in amount is far in excess of the monetary jurisdiction of the Municipal Court (N. Y. City Mun. Ct. Code, § 86). Perhaps, if, as claimed by the objecting respondent on this motion, the determination of the Municipal Court action for fees would be res judicata of the issue as to malpractice, the case could be tried in the Municipal Court, and (if the parent were successful on the issue of whether there was or was not malpractice) the amount of damages only would be reserved for assessment in the Supreme Court. That would be clumsy enough in some respects, but it would avoid two trials as to the basic question of the physician’s alleged neglect. But, secondly, it is clear that the parent could not, in his own behalf, counterclaim in the Municipal Court action for the resulting injury to and death of his daughter — for the defendant in the Municipal Court is the parent personally, while the plaintiff in the Supreme Court is his deceased infant’s estate. As a consequence, the parties in the two cases are not the same in the sense that the Municipal Court result would definitely adjudicate the basic controversy. (Hellstern v. Hellstern, 279 N. Y. 327.) Thus, without consolidation, there would appear to be necessary two separate trials of the same difficult and extended issue of malpractice, with possible inconsistency in the determination of the respective claims on the question of alleged malpractice. That should be avoided, even when a measure of postponement is occasioned one of the litigants in the prosecution of what he considers a just claim. (Denton v. Koshfer, 201 Misc. 394, 398, supra.)
*19 There appears to have been some delay here on the part of the moving party, but in the circumstances I do not believe that that is sufficient to bar the relief requested. And that the application for consolidation is made prior to joinder of issue in this court is not fatal — for here one “ can plainly see what the issues are to be ” and therefore “ the reason for waiting for the pleadings disappears and the order may be granted before the issues are fully framed ” (Gibbs v. Sokol, 216 App. Div. 260, 262; Pansy v. Massola, 207 Misc. 908, 914).
The motion is granted to the extent of removing the Municipal Court action to this court, and of directing a joint trial (Civ. Prac. Act, § 97). Settle order in accordance with Vidal v. Sheffield Farms Co. (208 Misc. 438).