Matthew M. Levy, J.
These two suits are pending in this court, and there is before me for determination a motion by Anthony Winkler-Prins, a defendant in both actions, for an order consolidating Action No. 2 with Action No. 1. The sole opposition presented is that by one Dasheff, as the plaintiff in Action No. 1. The facts, as they appear from the pleadings, are:
Dasheff, a guest of the Bath & Tennis Club of Westhampton, Inc., a defendant in both actions, parked his car on the grounds of the club. A club employee (a defendant in Action No. 2), without Dasheff’s permission, took possession of the vehicle and went for a ride on the public highway. There he was involved in a collision with an automobile owned by Anthony Winkler-Prins, and driven by Elizabeth Winkler-Prins, a defendant in Action No. 2, and in whose car the plaintiff in Action No. 2 was a passenger. The first plaintiff sues the club for trespass and Winkler-Prins for property damage. The second plaintiff sues for personal injuries; and the defendants are Dasheff (the plaintiff in Action No. 1 as the owner of one vehicle), the owner of the club premises, the club, the club employee, Winkler-Prins (the owner of the car in which the second plaintiff was a passenger) and the person who was operating that car with the owner’s permission.
The objections raised to joinder can, for the most part, be readily disposed of. For example: The fact that the second action has not yet been noticed for trial is of no moment (cf. Geller v. Ticktin, 6 Misc 2d 16, 19 and cases cited therein, wherein one of the subject actions was not yet even at issue). The fact that one of the plaintiffs would gain an earlier trial because of the consolidation is no mandatory reason to deny it (Winter v. Powers, 241 App. Div. 743). The fact that one case involves property damage and the other personal injuries is not a bar (Denton v. Koshfer, 201 Misc. 394, 398).
The objecting litigant leans heavily upon two other circumstances which are entitled here to more extended treatment. These are that (1) in one case the suit is by the owner of one *15 vehicle and in the other it is by the passenger in another vehicle, and that (2) in one case there is a cause of action based upon the unauthorized use of one of the automobiles, and in the second case that is not so. I shall consider these factors seriatim.
(1) The fact that the owner sues in one instance and the passenger in the other is no reason to proscribe a joint trial. I recognize, of course, that some rules of law are therefore not applicable in every aspect of the two cases, but I do not think that that should make a difference in respect of the present issue. A parallel situation comes to mind when in one case the suit is for wrongful death and in the other the suit is for personal injury. As pointed out in McAllister v. Drislane (239 App. Div. 85) while in a death action different principles of law are applied on the question of contributory negligence and damages than those applicable in an ordinary personal injury action, these rules are not difficult of explanation and should not prohibit a consolidated trial. The rules involved in the case at bar are also not complex.
(2) As to the second major point of opposition, had the objector seen fit to submit a brief on the law, he would, no doubt, have cited Sporn v. Hudson Tr. Lines (265 App. Div. 360) where the action was severed because, while there were several counts in negligence to recover damages for personal injuries, loss of services and property damage, there was also a count for malicious prosecution, and the court felt that the causes of action were so divergent that their joint trial might create confusion rather than save time (see, also, Blum v. Arnstein, 284 App. Div. 682). For here, as I have earlier noted, we have the fact that the plaintiff in Action No. 1 has alleged a separate cause of action in trespass against the club, based on the wrongful appropriation of his automobile by the employee of the club. At first blush, therefore, the present problem seems more difficult of resolution, and we are apt to fall back — as the proponent in the case at bar has done — upon general principles only to support the plea for the elimination of multiplicity of trials.
It is, of course, important to recognize that the “present tendency is to permit consolidation whenever possible irrespective of the diversity of issues provided that no substantial prejudice results. The fact that the consolidated action may present issues involving different legal principles does not preclude consolidation.” (Tripp, A Guide to Motion Practice, Cum. Supp. 1949-1955, § 25, par. 7, p. 62.) Long ago, I had occasion to say that it was up to the litigants, the Bar and the *16 courts, wherever possible, * ‘ to expedite judicial business, to economize in procedural mechanics, and to remove technical restrictions upon the administration of justice, by directing consolidation of pending actions where there is no prejudice to a substantial right” (Krohe v. Goldman, 167 Misc. 930, 934). And today, “ [i]t is quite inadmissible [particularly] under the present conditions of crippling calendar congestion to allow separate trials to dispose of the questions growing from one collision” (Edwards v. Lewin, 284 App. Div. 28, 30). The manner in which each operator involved in the instant suits was driving the vehicle in his control — the negligence of one or the other or both — is a material factor in determining the liability of any or either or all of the defendants to one or the other of the plaintiffs. There are thus some important rules of law and some substantial issues of fact to be determined that are common to both actions, and it is not necessary that all the rules and all the facts be common to both. Furthermore, it does not appear that it would be at all difficult for the trial court to charge the jury in simple, understandable language that the issues raised by the cause of action for trespass arising because of the club employee’s alleged unauthorized use of one car are not to be confused with the common issues present in the cases. Finally, it is the rule that the burden of proving substantial prejudice (Civ. Prac. Act, §§ 96, 96-a, 97) rests upon the party objecting to consolidation (Sherlock v. Manwaren, 208 App. Div. 538, 542), and the objector here has failed to show such prejudice. So much for general principles, and they are cogent indeed.
But, when the facts are more pointedly analyzed, the issue becomes readily clarified and in consequence easily solved, without relying upon generic precepts alone. For the objector seems to have forgotten that he is not only a plaintiff in Action No. 1, but also a defendant in Action No. 2, and that, if he seeks to absolve himself from liability there, he will contend, among other things, that his vehicle was taken by the club’s employee without his permission (Vehicle and Traffic Law, § 59*) — the very issue that the objector poses in the cause of action for trespass and which he seeks to isolate. In other words, what is present by way of an affirmative cause of action in one suit is present by way of defensive denial in the other. So it is quite plain that, in the situation in the case at bar, there are many factual and legal issues that are common to both actions. In the circumstances, I can conceive of no prejudice whatsoever in ordering the joinder prayed for. I have no doubt that, as in *17 Edwards v. Lewin (284 App. Div. 28, 30, supra) “ [o]ne trial and one verdict can answer fully all the problems arising from this single motor vehicle collision ’ ’.
The motion is granted to the extent of directing a joint trial. The pleadings in each action are, of course, to continue as the pleadings hereunder. The plaintiff in Action No. 1, having-instituted his suit first and having proceeded diligently therewith, is to have the right to open and close (Lehman v. Dictograph Prods., 5 A D 2d 688).
Settle order, after reading Vidal v. Sheffield Farms Co. (208 Misc. 438).

 Now Vehicle and Traffic Law (§ 388), effective October 1, 1960.