Walter R. Hart, J.
Plaintiff in this malpractice action seeks to consolidate with it an action pending in the Municipal Court wherein defendant seeks to recover for the professional services which it is claimed here were negligently performed.
Pursuant to section 96 of the Civil Practice Act actions may be consolidated when it can be done without prejudice to a substantial right. Defendant here has failed to substantiate any claim of prejudice to any rights were consolidation granted. *187 On the other hand, as cogently argued by plaintiff’s counsel, the defense in the trial of the action in the Municipal Court would be duplicative of the proof that she would be required to establish in her action in this court; namely, that the services were not rendered in a proper, professional manner; otherwise the judgment in the Municipal Court action in favor of the plaintiff in that action would be res judicata of the issues here. To substantiate this it would be incumbent upon her to adduce the same expert testimony upon the trial of the Municipal Court action as in the malpractice action in this court.
A multiplicity of trials should be avoided. While issue has been joined in both actions, neither of them is on the calendar. The reasoning of the court in Perlman v. Perlman (178 Misc. 223) is not persuasive. Accordingly, the motion is granted. Settle order on notice which shall provide that the question as to who shall have the right to open and close is referred to the trial court.